**Milas HARRIS, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A-14206.**

Court of Criminal Appeals of Oklahoma.

July 19, 1967.

J. L. Pazoureck, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Milas Harris, Jr., hereinafter referred to as defendant, was charged, tried and convicted for the crime of Robbery by Force, in the District Court of Canadian County, Oklahoma, and his punishment fixed at five years in the penititentiary. From that judgment and sentence he has appealed to this Court.

At the outset we observe that the evidence adduced on behalf of the State and the defendant as related to the offense for Robbery by Force, was highly conflicting, with the sole witness for the State asserting that on the early morning of October 23, 1966, she went to the home of Milas Harris, Jr., whom she had dated on prior occasions, and after having entered the premises, Milas seized $25.00 from her and that thereafter, he and his co-defendant, Walter Hicks, struck and beat said witness until she was able to escape and report the incident to the El Reno police. The

testimony of the arresting officer, a member of the El Reno Police Department, added nothing to the evidence adduced on behalf of the State, except that he had arrested the defendant in the early morning of October 23, 1966, at his home in El Reno, Oklahoma, in Canadian County.

The defendant, a 22 year old male, testified that he had known the complaining witness for some time and had dated her and that she had come to his residence on the early morning of October 23, 1966, and upon discovering another woman there, she had cursed and threatened that she would report to the police that he had robbed her. He denied robbing or abusing her in any way.

■ On cross-examination the defendant admitted convictions for several petty offenses and two bastardy judgments rendered against him[1] and it was at this point that the following proceedings occurred:

"Q. Can you tell this Jury, here, Milas Harris, Jr.,—can you tell these twelve men and women why you had Nineteen Dollars in your pocket going down to play and gamble at this place and not pay for these babies that you have· already admitted that you are the father of—can you tell us that?

A. Yes.

Q. Why?

A. Sir?

Q. Because you don't care, isn't it?

COUNSEL FOR DEFENDANT: We object to this as highly prejudicial as he isn't on trial here for that—if they want to introduce his character, all right—but it is highly prejudicial on some other charges and inflaming the jury's minds on something that is not before the Court today.

THE COURT: The objection is sustained.

COUNSEL FOR DEFENDANT: I ask that the jury be admonished.

·THE COURT: The Jury will be admonished not to consider the questions of the prior convictions of bastardy charges, as not admissible only it might or might not affect the credibility of the witness and for no other purpose—you are not to consider whether or not he has paid child support as not a part of this case.

COUNTY ATTORNEY: Exceptions."

At another point during the trial, the prosecuting attorney asked the defendant on cross-examination if he had not threatened to kill Frances Fender, one of the absent witnesses endorsed as a State's witness, if she appeared and testified against him. The defendant denied that he had ever threatened Frances Fender.

At 1:55 in the afternoon the jury retired from the courtroom to the juryroom to deliberate on their verdict. Thereafter, at 3:10 the jury returned to the courtroom and stated that they had not reached a verdict. The Court advised them to keep deliberating. At 5:00 they again returned and the Foreman gave a paper to the Judge. The following appears on that paper: "We are unable to reach a verdict. Some feel we have insufficient evidence." At 5:35 they returned with the verdict of Guilty and fixed his punishment at five years.

■ While this Court is reluctant to disturb the verdict of a jury when there is conflicting evidence and the jury might reasonably conclude from the evidence presented that the defendant is guilty, in a close case where the evidence is conflicting and where, as in the instant case, the prosecuting attorney asked questions calculated to prejudice the jury against the defendant and injects evidence of the commission of crimes of which the defendant has not been convicted, which are not related to the crime with which he stands charged; and it is apparent that the improper questions of the County Attorney influenced the verdict of the jury, the Court

---

1. A bastardy judgment is a civil adjudication·of paternity and not a criminal conviction.

of Criminal Appeals will reverse and remand the case for a new trial, notwithstanding the fact that the trial judge instructed the jury to disregard the incompetent evidence.

In the light of the record before us, it is apparent that the jury was prejudiced by the improper questions propounded by the County Attorney and this case is accordingly reversed and remanded for a new trial.

NIX, P. J. and BRETT, J., concur.