Richard GARDNER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–809.

Court of Criminal Appeals of Oklahoma.

March 6, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Richard Gardner, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–73–3629, of the crime of Attempted Robbery With Firearms. In accordance with the verdict of the jury he was sentenced to serve a term of forty-five (45) years in the State penitentiary.

This is a case in which counsel appointed to perfect this appeal has filed an application to withdraw in accordance with the guidelines set forth by the Supreme Court of the United States in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no more than frivolous matter could be presented in an appeal from this conviction. In accordance with the guidelines set down in that case, the application to withdraw is accompanied by a brief prepared by appointed counsel raising two issues that might arguably support the appeal: First, that the verdict is not supported by the evidence; and second, that the sentence imposed is excessive. Also in accordance with *Anders,* a copy of counsel's brief has been furnished to this defendant and he has in turn filed pro se a brief wherein he asserts that this conviction must be reversed because "There was a fatal variance between the information and the verdict in that the proof showed that there was a kidnap being committed."

At the trial Damon Roberson, working as a deliveryman for a pharmacy, testified that on December 14, 1973, as he entered his delivery car, the defendant also entered the car, announcing that he had a gun underneath his coat, and directing Roberson to start driving. As Roberson·drove toward downtown Oklahoma City, the defendant told him that he wanted the car and Roberson's money and had the deliveryman feel the gun through the cloth of his jacket. As Roberson came to an intersection where a police officer was directing traffic, he jumped out of the car and called out that the defendant had a gun and was trying to rob him. That police officer testified that upon hearing Roberson's call for help he approached the automobile, removed the defendant from it, and upon searching him discovered and seized a .38 caliber revolver. He adequately warned him of his constitutional rights. Detective Acox of the Oklahoma City Police Department testified that on the morning following the defendant's arrest he, having repeated the Miranda warnings, interrogated the defendant. At that time the defendant told the detective that he had entered the car with Mr. Roberson and told Mr. Roberson to be cool, that this was a robbery. The defendant told Detective Acox that his intention was to have Roberson drive him out of the Oklahoma City area where he intended to take the car away from Roberson and continue on to Wichita, Kansas.

■ The question of the sufficiency of the evidence to support the verdict does not merit discussion here; the evidence against this defendant is overwhelming.

■■ The question of excessiveness of punishment is determined by a study of all the facts and circumstances surrounding the individual case. This Court has no power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336 (1963); Hudson v. State, Okl.Cr., 374 P.2d 923 (1962). Title 21 O.S.1971, § 801 provides that the crime of Attempted Robbery is punishable by imprisonment for life

at hard labor in the State penitentiary, or for a period of time not less than five years. Under the facts and circumstances of the instant case, we are unable to find that the sentence imposed is excessive and requires modification.

 The contention raised in defendant's pro se brief, that there was a fatal variance between the information and the verdict, is based upon his argument that since the evidence clearly showed the completed offense of Kidnapping, but only the attempted offense of Armed Robbery, it was improper to permit the State to charge the latter crime rather than the former. The contention is frivolous. We have reviewed the evidence adduced at trial and find that it adequately supports each element of the crime charged, Attempted Robbery With Firearms.

We have carefully reviewed the entire record of defendant's case and find that no more than frivolous matter could be raised in a brief on appeal. For that reason defendant's appointed counsel is granted permission to withdraw. The judgment and sentence appealed from is affirmed.