**Billy Earl HARRISON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–302.**

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Billy Earl Harrison, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–73–3306, with the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801. He was tried by a jury, convicted and sentenced to imprisonment for a term of ten (10) years. From this judgment and sentence, a timely appeal has been perfected.

Briefly stated, the facts of this case are as follows. On January 18, 1973, shortly before closing time, at about 8:30 or 9:00 p. m., John M. Ludwick and Steve Stoll were working at Walnut Street Take Home, chicken carry out, when an individual whom they identified as the defendant entered the establishment. There were no other customers present. The defendant asked for something to drink which they did not have and upon being informed that the particular drink was not available, the defendant pulled a revolver and demanded money. The defendant was given about $150.00 and before leaving he told Ludwick and Stoll to provide the police with a "totally opposite description like a six foot white man, a hundred and eighty pounds . . . everything he wasn't, . . . a totally different description." (Tr. 23) Further, he threatened to return and kill them if they did not follow his instructions.

A week later the defendant was again seen by these two witnesses in the Walnut Street chicken carryout. Subsequently the two witnesses viewed a lineup and numerous photos, but failed to pick out the defendant's photo. Later, however, the defendant's photo was picked out of a selection of twelve photos. Also, both witnesses positively identified the defendant in court as the person who had robbed them; a key to the identification was a scar on the bridge of defendant's nose.

A stipulation was entered into that Officer O. R. Summers would testify, if

present, that on November 16, 1973, he interviewed John M. Ludwick and showed him approximately twelve photographs of black male subjects, and that Ludwick picked out the defendant's photograph as being the man who had robbed him and Steve Stoll on January 18, 1973.

The defendant testified that he was not in Oklahoma City at any time during the month of January. He stated that he was living in Dallas with his aunt at 2343 Talco Drive, and that on January 18, 1973, he was either present at that location or was visiting next door with his grandmother. The defendant's aunt, Lois Crow, and his grandmother, Minnie Dixon, testified in an effort to corroborate defendant's testimony in support of his alibi.

 The first assignment of error raises the issue of the sufficiency of the evidence to support the verdict. In *Smith v. State*, Okl.Cr., 515 P.2d 247 (1973), this Court stated:

"This Court has consistently held that where there is competent evidence in the record from which a jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. . . . " (Citations omitted)

Upon a review of the evidence, this court finds that there was sufficient evidence upon which to base a conviction.

The final assignment of error presents the question of whether the sentence is excessive. We stated in *Gardner v. State*, Okl.Cr., 532 P.2d 1200 (1975), that:

" . . . This Court has no power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. . . ." (Citations omitted)

In view of the violent nature of this crime involving a firearm and the accompanying threats, this sentence does not shock the conscience of this Court.

Finally, upon a thorough review of the record we can find no other error upon which to base a reversal or modification of this case.

For the above and foregoing reasons, the judgment and sentence of the court below is AFFIRMED. .

BUSSEY and BLISS, JJ., concur.