Clarence Jordan WITHERSPOON, and Raymond Henry McCoy, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–76–931.

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Janet Cox, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellants, Clarence Jordan Witherspoon and Raymond Henry McCoy, hereinafter referred to as defendants, were charged in the District Court, Oklahoma County, Case No. CRF–75–1855, with the offense of Robbery With Firearms, in violation of 21 O.S. Supp.1973, § 801; defendant McCoy was charged After Former Conviction of a Felony. The case was tried to a jury and a guilty verdict was returned. The jury was not able to arrive at a consensus on punishment, which was, therefore, assessed by the court. Defendant McCoy, was sentenced to thirty (30) years' imprisonment. Defendant Witherspoon was sentenced to ten (10) years' imprisonment. From said judgments and sentences, the defendants have perfected an appeal to this Court.

Defendants' contentions on this appeal involve no factual issues, and we thus deem it unnecessary to do more than briefly recite the facts. The State established that on May 10, 1975, at approximately 4:30 p.m., Darrell Mills and Eddie Bidwell were employed at a service station in Southwest Oklahoma City, when the defendants walked up, carrying a jug and inquired about purchasing some diesel fuel. Mills stated to them that he had no diesel fuel for sale, but that another station down the street might. The defendants left, but returned shortly thereafter and purchased some gasoline and soda pop. The defendants then came into the office where Mills and Bidwell were sitting, and defendant McCoy produced a gun, a .36 caliber Cap & Ball pistol, and demanded money. Mills took the gun away from McCoy, and drew his own, a .22 caliber pistol. A scuffle ensued and McCoy gained control of Mills' gun. Bidwell was struck by Witherspoon. Bidwell further testified that during the scuffle Witherspoon threw an object at Mills, striking him in the head. At about this point two men, Ted Bradley and Robert Martin drove up in their pickup, and the defendants fled, McCoy taking Mills' .22 caliber pistol with him, and leaving behind his own. Bradley and Martin related that as McCoy fled, he threatened them with a pistol. Various police officers testified as to their investigation, and the arrest of the defendants. Both Mills and Bidwell made positive identifications of both defendants. Bradley and Martin made a more limited identification.

Both defendants took the stand and related essentially the same stories, that on the day in question they had stopped at the station in a car and purchased $4.00 worth of gasoline. They left and ran out of gas a short distance away. They then returned to the station and demanded their money back, whereupon, an argument and scuffle ensued, which began when Mills pulled a pistol. Both defendants denied any intent to rob or steal.

■ Defendants' first assignment of error is that the trial court erred in not declaring a mistrial upon defense counsel's objection to "evidentiary harpoons" cast by the prosecutor. We note that as to one of these "harpoons" no objection was raised by the defendants at the time it was made. Failure to object constituted a waiver and it cannot be raised in this Court for the first time on appeal. *Young v. State*, Okl.Cr., 531 P.2d 1403 (1975).

■ A second harpoon, to which objection was made at trial, concerned the elicitation by the prosecutor of testimony from defendant Witherspoon on cross-examination concerning his involvement in another armed robbery which occurred nearly a year prior to the robbery forming the basis of the instant charge. The prosecutor sought to justify his elicitation of this testimony on the basis of character impeachment or proof of another crime tending to show a "common scheme or plan." See, *Moulton v. State*, Okl.Cr., 476 P.2d 366 (1970). The trial judge, the Honorable David M. Cook, correctly ruled, that evidence of the prior robbery could not be used for impeachment, as no conviction had resulted; and he further ruled that the prior robbery was too remote to show common scheme or plan. He therefore sustained defendants' objections to this line of testimony, but overruled defendants' motion for a mistrial. The jury was then admonished to disregard the testimony of the prior robbery.

In *Kitchens v. State*, Okl.Cr., 513 P.2d 1300 (1973) this Court stated:

" . . . the court's admonition to the jury not to consider the remarks of counsel, or a witness, usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. . . ."

We are of the opinion in the present case that the complained of testimony did not determine the verdict. The defendant's first assignment of error is therefore without merit.

The defendants' second assignment of error concerns alleged prosecutorial misconduct. However, the contentions presented are so patently frivolous, that we deem them unworthy of discussion.

■ The defendants assert in their third assignment of error that the prosecutor erred when he elicited testimony from a police officer concerning defendant McCoy's pretrial silence. The testimony which is complained of is reflected in the transcript as follows:

"A. I asked him where another individual was that was supposed to be with him.
"Q. And who was that?
"A. His last name was Witherspoon.
"Q. Okay. Go ahead.
"A. And he denied any knowledge of someone named Witherspoon.
"Q. He denied even knowing him?
"A. Yes.
"Q. Okay. Go ahead. Was there any further conversation in reference to whether or not he was at the station or not?
"A. At the—You mean at the scene of the robbery?
"Q. Yes, sir.
"A. No. I don't remember any.
"MR. INGMIRE: Okay. I believe that is all, Your Honor.
"THE COURT: Cross examination"?
(Tr. 135).

This testimony came after the officer testified to giving defendant McCoy "Miranda Warnings."

We note that no objection was taken to this testimony by the defense counsel, and therefore any objections thereto were waived. *Schneider v. State*, Okl.Cr., 538 P.2d 1088 (1975). However, we observe further that the proscription against commenting on a defendants' pretrial silence means just that; a comment on pretrial *silence*. Here the defendant responded to questions propounded to him after being advised of his rights, to-wit: he denied knowing co-defendant Witherspoon. This had probative value as far as the State was concerned, and thus it was not error to introduce it into evidence. Simply because the prosecutor asked if that was all that was said, in an effort to bring some logical consistency to his examination of the witness, does not for that reason make it a comment upon pretrial silence. The defendants' third assignment of error is without merit.

■ The defendants' final assignment of error is that the sentences assessed were excessive. We have repeatedly held the question of excessiveness of punishment is

to be determined by all the facts and circumstances surrounding the case, and this Court is without power to modify a sentence unless we can conscientiously say that, considering all of the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. *Gardner v. State*, Okl.Cr., 532 P.2d 1200 (1975). The punishment assessed each defendant was well within the range provided by law. This being so, and upon consideration of the other facts and circumstances, the sentences assessed do not shock the conscience of this Court. The defendants' final contention is therefore without merit.

For the foregoing reasons, the judgments and sentences are AFFIRMED.

BRETT, J., concurs.