**Charles E. WADE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–833.**

Court of Criminal Appeals of Oklahoma.

July 17, 1978.

Don R. Shaw, Idabell, for appellant.

Larry Derryberry, Atty. Gen., Givens L. Adams, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Charles E. Wade, hereinafter referred to as defendant was charged in the District Court, McCurtain County Case No. CRF–77–40, with Murder in the Second Degree, in violation of 21 O.S.Supp.1976, § 701.8. He was tried by a jury and found guilty. He was sentenced to a term of twelve (12) years' imprisonment and appeals.

In his first assignment of error the defendant contends that the trial court erred when it overruled his demurrer to the State's evidence. Under this assignment of error the defendant argues that there was no direct proof that the "bullet which killed the victim came out of the pistol held by the defendant." This assignment of error is patently frivolous. The State's witness,

Leo Howard, testified that he saw the defendant point his pistol at Della Golston and heard the shot fired; that he first thought that the shot had missed Della Golston, that the defendant was standing seven feet away from the victim when the shot was fired, that Della Golston collapsed on the floor and blood was flowing from her mouth; and that thereafter the defendant held the victim's head in his arms and stated, "he wasn't trying to do it." The defendant's pistol was recovered by police officers at the scene of the homicide and the parties stipulated that if the pathologist conducting the autopsy of Della Golston testified he would state that the victim died as a result of a gunshot wound.

As his second assignment of error the defendant contends that there was not sufficient evidence to convict the defendant of Second Degree Murder. The uncontroverted evidence in the instant case is that the defendant, in violation of 21 O.S.Supp. 1976, § 1272.1, had in his possession a loaded pistol in an establishment where beer or alcoholic beverages are consumed. This is a felony punishable under the provisions of 21 O.S.Supp.1976, § 1272.2. The evidence further established that Della Golston died as a result of a wound inflicted by a bullet fired by the defendant from his pistol. Homicide is Murder in the Second Degree when perpetrated by a person engaged in the commission of any felony other than those enumerated in the First Degree Murder Statute although without premeditated design to effect the death of any particular individual. The defendant argues that since the felony which he was committing was not the proximate cause of Della Golston's death, the evidence was insufficient to support the conviction. The defendant relies on several decisions of this Court wherein convictions for Manslaughter in the First Degree perpetrated by persons engaged in the commission of a misdemeanor without the premeditated design to effect the death of any person were reversed because the misdemeanor was not the proximate cause of death. We are of the opinion that the state is not required to estab-

lish that the felony perpetrated by the defendant is the proximate cause of the victim's death in order to establish the crime of Murder. The primary function of the Felony-Murder Doctrine is to relieve the prosecution of the necessity of proving actual malice or premeditated intent on the part of the defendant in the commission of the homicide; in other words, under the Felony-Murder Doctrine, the malice or premeditated intent involved in the perpetration or attempted perpetration of the felony is "transferred" or "imputed" to the commission of the homicide so that the accused can be found guilty of murder even though the killing is unintentional.

The application of this Doctrine is subject to the limitation that there must be a nexus between the underlying felony and the death of the victim. The felony must be inherently or potentially dangerous to human life, inherently dangerous as determined by the elements of the offense or potentially dangerous in light of the facts and circumstances surrounding both the felony and the homicide.

Here the nexus between the underlying felony and the homicide is clear, as was the potentiality for danger to human life under all the facts and attendant circumstances in the instant case. This assignment of error is without merit.

Defendant contends in his final assignment of error that the punishment is excessive. We have consistently held that the question of excessiveness of the punishment must be determined by a study of all the facts and circumstances in each particular case and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of this Court. See *Gardner v. State*, Okl.Cr., 532 P.2d 1200 (1975) and *Roberts v. State*, Okl.Cr., 473 P.2d 264 (1970). Under the provisions of 21 O.S.Supp.1976, § 701.9(B), Murder in the Second Degree is punishable by imprisonment for not less than ten (10) years nor more than life. The defendant's sentence

in this case is near the lowest statutory limit, and under the circumstances of this case is clearly not excessive. Accordingly, the judgment and sentence is *AFFIRMED*.

CORNISH, and BRETT, JJ., concur.