**John WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–484.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1981.

Mary E. Bane, Oyler, Smith & Bane, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, John Williams, hereinafter referred to as the defendant, was tried in the District Court of Atoka County, Case Nos. CRF–78–82 and CRF–78–83, for Assault with a Dangerous Weapon and Kidnapping. A mistrial was declared for the offense of Kidnapping when the jury could not reach a verdict and that charge has been dismissed. A sentence of six (6) months' in the county jail was assessed and imposed for the crime of Assault With a Dangerous Weapon and it is from this judgment and sentence that the defendant has appealed.

The circumstances preceding the defendant's arrest are quite lengthy and no purpose would be served by specifically detailing the bizarre chain of events connected therewith. Since this cause must be reversed, we need only state that the defendant, a victim of a burglary and apparently lacking confidence in the ability of local law enforcement to solve the crime and discover the whereabouts of his property, took matters into his own hands, believing that Jerry Atkinson and Rickey Moore had been involved in the burglary of his residence. The defendant met with Atkinson and Moore and explained that he wanted his property returned. To assure results, the defendant locked Atkinson in a large, tubular metal cage, which was used for housing several bobcats, while Rickey Moore was directed to retrieve and return to the defendant, the stolen items taken in the burglary of his residence. Atkinson was to be released when Moore returned with the defendant's property. Atkinson testified that he heard several shots fired, which appeared to be metal hitting metal, below the cage in which he was confined. He further testified that he saw the defendant holding a gun and feared that he was being shot at. Moore, who was present during the shooting incident, testified that the defendant fired toward the cage in which Atkinson was confined. Although an abundance of testimony was presented during the trial regarding the circumstances of the two crimes for which the defendant was tried, we need only state, for purposes of this opinion, that on October 3, some two and one half (2½) days after Atkinson was initially confined in the cage, the defendant released him at the direction of local police, and was then placed under arrest.

In one of several assigned errors the defendant argues that, over his repeated and timely objections, the prosecutor was permitted to ask questions of various witnesses, including the defendant, about possession and use of marijuana, valium, uppers and downers; and that his constituted evidence of other crimes, and was highly prejudicial. Admittedly, not all of the alleged improper questioning was per se

error, but to open the subject matter up to a period of three weeks preceding the time of the commission of the crimes was indeed improper and cannot be considered a part of the res gestae.[1] Evidence of different offenses from the one charged is admissible when both offenses are so closely linked as to form a part of the res gestae. *Moreau v. State*, 530 P.2d 1061 (Okl.Cr.1975). It is apparent to this court that the sole purpose for injecting the issue of drugs into the trial of these cases was to leave the impression with the jury that the defendant was himself a drug user.

It has long been recognized by this court that the repeated asking of incompetent and irrelevant questions for the purpose of intimating something to the jury which is not true, not capable of being proven or is asked solely for the purpose of inflaming the jury is error. We are not unmindful that in many cases where similar instances have occurred we have refused to reverse since, in our opinion, and admonishment to the jury to disregard that which is objectionable cured any possible error. See *Witherspoon v. State*, 567 P.2d 993 (Okl.Cr. 1977); *Barnhart v. State*, 559 P.2d 451 (Okl. Cr.1977); *McGlumphy v. State*, 538 P.2d 1097 (Okl.Cr.1975). In the case at bar however, the record is replete with irrelevant and highly prejudicial questions and testimony brought out by the prosecutor over objection by the defendant. The requests to admonish the jury went unheeded by the trial court, and the subject matters' impact may well have affected the verdict returned by the jury. See, *Harris v. State*, 430 P.2d 337 (Okl.Cr.1967); *Combs v. State*, 87 Okl.Cr. 283, 197 P.2d 524 (1948).

Accordingly, the judgment and sentence for Assault with a Dangerous Weapon is REVERSED and REMANDED for new trial.

BRETT, P. J., and CORNISH, J., concur.

1. "Res gestae" is defined as meaning matters incidental to the main fact and explanatory to it, including acts which are so closely connected therewith as to constitute a part of the transaction and without a knowledge of which the main fact might not be properly understood. See, *Dixon v. State*, 560 P.2d 204 (Okl. Cr.1977) and *Hathcox v. State*, 94 Okl.Cr. 110, 230 P.2d 927 (1951).