2012 OK CR 13

In re ADOPTION OF the 2012 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS–CRIMINAL (SECOND EDITION).

No. CCAD–2012–1.

Court of Criminal Appeals of Oklahoma.

Aug. 7, 2012.

## ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS–CRIMINAL (SECOND EDITION)

¶ 1 On May 8, 2012, The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions–Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2012 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.

¶ 2 **IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, the revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶ 3 **IT IS FURTHER ORDERED ADJUDGED AND DECREED** the amendments to existing OUJI–CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted to wit:

3–19A; 3–40; 4–6; 4–6A; 4–7; 4–12A; 4–15A; 4–26A; 4–26B; 4–26C; 4–26D; 4–26E; 4–35; 4–35A; 4–35B; 4–35C; 4–36; 4–37; 4–38; 4–38A; 4–39; 4–40; 4–40A; 4–40B; 4–40C; 4–40D; 4–72; 4–77; 4–93; 4–94; 4–120; 4–124; 4–125; 4–127; 4–129; 4–130; 4–139; 4–146; 5–2; 5–4; 5–105A; 6–17; 6–18; 6–19; 6–20; 6–21; 6–22; 6–53; 6–53A; 6–56A; 8–15; 8–58; 10–13C

¶ 4 The Court also accepts and authorizes the updated committee comments and notes on use to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2012 Supp.)".

¶ 5 **IT IS THE FURTHER ORDER OF THIS COURT** that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal

Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶ 6 IT IS SO ORDERED.

¶ 7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 7th day of August, 2012.

/s/ ARLENE JOHNSON, Presiding Judge

/s/ DAVID LEWIS, Vice Presiding Judge

/s/ GARY L. LUMPKIN, Judge

/s/ CHARLES A. JOHNSON, Judge

/s/ CLANCY SMITH, Judge

## OUJI–CR 3–19A

### FALSE STATEMENT DURING INTERNAL INVESTIGA-TION—ELEMENTS

No person may be convicted of making a materially false statement during an internal investigation unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, knowingly;

Second, making;

Third, a materially false statement, either verbally or in writing;

Fourth, in the course of an internal State agency investigation;

Fifth, after being informed, in writing and prior to the interview, that providing a materially false statement shall subject the person to criminal prosecution.

---

Statutory Authority: 21 O.S.2011, § 281.

### CHAPTER THREE

### H. SEX OFFENDERS

### OUJI–CR 3–40

### FAILURE TO REGISTER AS A SEX OFFENDER

No person may be convicted of failing to register as a sex offender unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the person has (been convicted of)/(received a suspended sentence for)/(received a probationary term for)/(received a deferred judgment for) [specify the particular crime listed in 57 O.S.2011, § 582];

Second, the person received notice that he/she was required to register as a sex offender;

Third, the person failed to register with the (Department of Corrections)/( [specify the particular local law enforcement agency in 57 O.S.2011, § 583(A) for the area where the person resides or intends to reside] )/(Department of Corrections and the [specify the particular local law enforcement agency for the area where the person resides or intends to reside] );

Fourth, (within (three (3))/(two (2)) business days after)/(at least three (3) business days before) [specify the particular event in 57 O.S.2011, § 582 that triggered the registration requirement].

---

Statutory Authority: 57 O.S.2011, §§ 582, 583.

### Notes on Use

The period for which registration as a sex offender is required is based on the numeric risk level assigned by the Department of Corrections. See 57 O.S.2011, §§ 582.5, 583(D). The length of the period and whether the defendant is within it would generally be an issue of law for the judge to determine, rather than an issue for the jury.

### OUJI–CR 4–6

### ASSAULT AND BATTERY—ASSAULT AND BATTERY WITH A DEADLY WEAPON—ELEMENTS

No person may be convicted of assault and battery with a deadly weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, an assault and battery;

Second, upon another person;

Third, with a deadly weapon.

Statutory Authority: 21 O.S.2011, § 652(C).

### Notes on Use

If the victim was an unborn child, the court should also give OUJI–CR 4–57, infra, and, if appropriate, OUJI–CR 4–57A or 4–57B, or both.

### Committee Comments

Before the amendment of 21 O.S. § 652 in 1992, an intent to take a human life was an element of assault and battery with a deadly weapon. This element was removed from the statute by the 1992 amendment. *Goree v. State*, 2007 OK CR 21, ¶¶ 3–5, 163 P.3d 583, 584–85.

### OUJI–CR 4–6A

## ASSAULT AND BATTERY—DOMESTIC ASSAULT AND BATTERY WITH A DEADLY WEAPON—ELEMENTS

No person may be convicted of domestic assault and battery with a deadly weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, shooting;

Second, a [Specify Applicable Relationship in 21 O.S.2011, § 644(D)(2) ];

Third, with a deadly weapon;

Fourth, that is likely to produce death;

Fifth, without justifiable or excusable cause.

Statutory Authority: 21 O.S.2011, § 644(D)(2).

### Notes on Use

The relationships listed in 21 O.S.2011, § 644(D)(2) are "a current or former spouse, a present spouse of a former spouse, a parent, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is in a dating relationship as defined by Section 60.1 of Title 22 of the Oklahoma Stat-

utes, an individual with whom the defendant has a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

### OUJI–CR 4–7

## ASSAULT AND BATTERY BY MEANS OR FORCE LIKELY TO PRODUCE DEATH—ELEMENTS

No person may be convicted of assault and battery by means or force likely to produce death unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, an assault and battery;

Second, upon another person;

Third, with force likely to produce death—;

~~Fourth, with the intent to take a human life.~~

### Notes on Use

If the victim was an unborn child, the court should also give OUJI–CR 4–57, infra, and, if appropriate, OUJI–CR 4–57A or 4–57B, or both

### Committee Comments.

The requirement that the assault and battery was done with the intent to take a human life was removed from 21 O.S. § 652 in 1992. See 1992 Okla. Sess. Laws ch. 192, § 1; *Goree v. State*, 2007 OK CR 21, ¶¶ 3–5, 163 P.3d 583, 584–85. *But see Goree v. State*, 2007 OK CR 21, ¶ 5, 163 P.3d 583, 585 (Lumpkin, J., concurring in results) (specific intent to kill is required for offense in § 652(C) of assault and battery in attempting to kill another).

### OUJI–CR 4–12A

## ASSAULT AND BATTERY—DOMESTIC ASSAULT/(ASSAULT AND BATTERY) WITH A DANGEROUS WEAPON—ELEMENTS

No person may be convicted of domestic **assault/(assault and battery)** with a dangerous weapon unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, (an assault)/(a battery)/(an assault and battery);

Second, upon a [Specify Applicable Relationship in 21 O.S.2011, § 644(D)(1) ];

Third, with a **sharp/dangerous** weapon;

Fourth, without justifiable or excusable cause;

Fifth, with intent to do bodily harm.

Statutory Authority: 21 O.S.2011, § 644(D)(1).

### Notes on Use

The relationships listed in 21 O.S.2011, § 644(D)(1) are "a current or former spouse, a present spouse of a former spouse, a parent, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

## OUJI–CR 4–15A

### AGGRAVATED ASSAULT AND BATTERY

### UPON POLICE OR OTHER STATE PEACE OFFICER THAT RESULTS IN MAIMING—ELEMENTS

No person may be convicted of aggravated assault and battery upon a **(police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer)** that results in maiming unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, an assault and battery;

Second, upon a **(police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer)**;

Third, that the **(defendant(s) knew/(reasonably should have known)** was a **police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer)**;

Fourth, by inflicting great bodily injury;

Fifth, that **disfigured/disabled/(seriously diminished physical vigor)**;

Sixth, without justifiable or excusable cause;

Seventh, committed while the **(police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer)** was in the performance of his/her duties as a **(police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer)**.

Statutory Authority: 21 O.S.2011, § 650(B).

### Notes on Use

For definitions of "disfigures" and "disables", see OUJI–CR 4–118, infra.

## OUJI–CR 4–26A

### ASSAULT AND BATTERY—DOMESTIC ABUSE—ELEMENTS

No person may be convicted of domestic abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third, attempting or offering to use force or violence; and

Fourth, the use of force or violence;

Fifth, was against the person of a [Specify Applicable Relationship in 21 O.S.2011, § 644(C) ].

Statutory Authority: 21 O.S. ~~Supp.2000~~ 2011, § 644(C).

Notes on Use

The relationships listed in 21 O.S.2011, § 644(C) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

## OUJI–CR 4–26B

### ASSAULT AND BATTERY—DOMESTIC ABUSE—WITH GREAT BODILY INJURY—ELEMENTS

No person may be convicted of domestic abuse with great bodily injury unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third, attempting or offering to use force or violence; and

Fourth, the use of force or violence;

Fifth, was against the person of a [Specify Applicable Relationship in 21 O.S.2011, § 644(C) ].

Sixth, resulting in great bodily injury.

Statutory Authority: 21 O.S.2011, § 644(C), (F).

Notes on Use

The relationships listed in 21 O.S.2011, § 644(C) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

## OUJI–CR 4–26C

### ASSAULT AND BATTERY—DOMESTIC ABUSE—IN PRESENCE OF CHILD—ELEMENTS

No person may be convicted of domestic abuse in the presence of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third, attempting or offering to use force or violence; and

Fourth, the use of force or violence;

Fifth, was against the person of a [Specify Applicable Relationship in 21 O.S.2011, § 644(C) ]; and

Sixth, was committed in the presence of a child.

A child is any child whether or not related to the victim or the defendant.

In the presence of a child means in the child's physical presence or the defendant knows a child is present and may see or hear an act of domestic violence.

Statutory Authority: 21 O.S.2011, § 644(C), (G), (H).

Notes on Use

The relationships listed in 21 O.S.2011, § 644(C) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the

defendant, or a person living in the same household as the defendant."

## OUJI–CR 4–26D

## ASSAULT AND BATTERY—DOMESTIC ABUSE—STRANGULATION—ELEMENTS

No person may be convicted of domestic abuse by strangulation unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third, attempting or offering to use force or violence; and

Fourth, the use of force or violence;

Fifth, was against the person of a [Specify Applicable Relationship in 21 O.S.2011, § 644(J) ];

Sixth, with the intent to cause great bodily harm by strangulation/(attempted strangulation).

Strangulation means any kind of asphyxia, including but not limited to, closure of the (blood vessels)/(air passages)/nostrils/mouth as a result of external pressure on the head/neck.

Statutory Authority: 21 O.S.2011, § 644(J).

### Notes on Use

The relationships listed in 21 O.S.2011, § 644(J) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

## ASSAULT AND BATTERY—DOMESTIC ABUSE AGAINST PREGNANT WOMAN—ELEMENTS

No person may be convicted of domestic abuse against a pregnant woman unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willful;

Second, unlawful;

Third, attempting or offering to use force or violence; and

Fourth, the use of force or violence;

Fifth, was against a pregnant woman;

Sixth, who was a [Specify Applicable Relationship in 21 O.S.2011, § 644(C) ]; and

Seventh, the defendant knew the woman was pregnant.

[Eighth, a miscarriage/(injury to the unborn child) occurred.]

Statutory Authority: 21 O.S.2011, § 644(C), (E).

### Notes on Use

The Eighth Element should be used if it is supported by the evidence and the prosecution is seeking enhanced punishment under 21 O.S.2011, § 644(E).

The relationships listed in 21 O.S.2011, § 644(C) are "a current or former spouse, a present spouse of a former spouse, a former spouse of a present spouse, parents, a foster parent, a child, a person otherwise related by blood or marriage, a person with whom the defendant is or was in a dating relationship as defined by section 60.1 of Title 22 of the Oklahoma Statutes, an individual with whom the defendant has had a child, a person who formerly lived in the same household as the defendant, or a person living in the same household as the defendant."

## OUJI–CR 4–35

### CHILD ABUSE—ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

~~First, a person willfully/maliciously engaged in;~~

~~[Second, injuring/torturing/maiming;~~

~~Third, of a child under the age of eighteen.]~~

### OR

First, a person responsible for a child's health, safety, or welfare;

Second, **willfully/maliciously**;

[~~Second~~ **Third,** ~~harm~~ **harmed/(threatened harm to)/(failed to protect from harm to/(threatened harm to))** the health, safety, or welfare;

~~Third, to the health/safety;~~

**Fourth,** of a child under the age of eighteen;

~~Fifth, by a person responsible for the child's health/safety/welfare.]~~

~~Harm/(Threatened harm)~~ ~~includes, but is not limited to~~ ~~(select from the following):~~ ~~(nonaccidental physical/mental injury),~~ ~~sexual abuse, sexual exploitation, neglect,~~ failure/omission to provide protection from harm/(threatened harm).

---

Statutory Authority: ~~10 O.S. Supp.2000, §§ 7115(A), 7102(B)(1), (2)~~ 21 O.S.2011, § 843.5(A), 10A O.S.2011, § 1–1–105(2).

### Notes on Use

This Instruction should be used if the defendant is charged with child abuse that does not involve injuring, torturing, or maiming a child, which is covered in OUJI–CR 4–35A, *infra.* OUJI–CR 4–36 should be used if the defendant is charged with enabling abuse of a child. OUJI–CR 4–37 should be used if the defendant is charged with child neglect, OUJI–CR 4–39 should be used if the defendant is charged

with child sexual abuse, and OUJI–CR 4–41 should be used if the defendant is charged with child sexual exploitation. Definitions are found in OUJI–CR 4–40D, *infra.*

### Committee Comments

The first element, that the defendant was a person responsible for the child's health, safety, or welfare, is an essential element of the crime of child abuse. *Cox v. State*, 2006 OK CR 51, ¶ 24, 152 P.3d 244, 253.

Section ~~7115~~ 843.5 was designed to protect a designated group of persons, children under the age of 18. Therefore, the age of the child is an element to be proved by the State. *Holder v. State*, 1976 OK CR 288, 556 P.2d 1049.

The statute requires proof of a mental state of maliciousness or willfulness on the part of the defendant while in the performance of the proscribed conduct. Generally, however, intentional infliction of severe injuries upon a child will be sufficient to establish a prima facie case, reserving the issue of the sufficiency of the proof regarding the defendant's mental state to the jury. *Smith v. State*, 1979 OK CR 30, 594 P.2d 784.

In *Fairchild v. State*, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

### OUJI–CR 4–35A

### CHILD ABUSE (INJURE, TORTURE, MAIM)—ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person **willfully/maliciously**;

[Second, injured/tortured/maimed;

**Third,** a child under the age of eighteen.]

Statutory Authority: 21 O.S.2011, § 843.5(A).

## Notes on Use

This Instruction should be used if the defendant is charged with child abuse that involves injuring, torturing, or maiming a child, and OUJI–CR 4–35, supra, should be used for other types of child abuse. OUJI–CR 4–36 should be used if the defendant is charged with enabling abuse of a child. OUJI–CR 4–37 should be used if the defendant is charged with child neglect, OUJI–CR 4–39 should be used if the defendant is charged with child sexual abuse, and OUJI–CR 4–41 should be used if the defendant is charged with child sexual exploitation.

## Committee Comments

Section 843.5 was designed to protect a designated group of persons, children under the age of 18. Therefore, the age of the child is an element to be proved by the State. *Holder v. State,* 1976 OK CR 288, 556 P.2d 1049. No special relationship is required under section 843.5(A) for persons who injure, torture, or maim a child.

The statute requires proof of a mental state of maliciousness or willfulness on the part of the defendant while in the performance of the proscribed conduct. Generally, however, intentional infliction of severe injuries upon a child will be sufficient to establish a prima facie case, reserving the issue of the sufficiency of the proof regarding the defendant's mental state to the jury. *Smith v. State,* 1979 OK CR 30, 594 P.2d 784.

In *Fairchild v. State,* 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

## OUJI–CR 4–35B

## CHILD ABUSE—USE OF ORDINARY FORCE BY PARENT FOR DISCIPLINE

It is not child abuse for a parent to use ordinary force to discipline a child, including, but not limited to, spanking, switching, or paddling.

Statutory Authority: 10A O.S.2011, § 1–1–105(2).

## OUJI–CR 4–35C

## CHILD ABUSE/NEGLECT—AFFIRMATIVE DEFENSE—USE OF PRAYER FOR TREATMENT OF CHILD

Evidence has been introduced in this case that the defendant, in good faith, selected and depended upon spiritual means alone through prayer, and according to the tenets and practice of a recognized **church/(religious denomination)**, for the **treatment/cure of a disease)/(remedial care)** of a child.

It is the burden of the State to prove beyond a reasonable doubt that the defendant did not, in good faith, select and depend upon spiritual means alone through prayer, and according to the tenets and practice of a recognized **church/(religious denomination)**, for the **treatment/cure of a disease)/(remedial care)** of the child. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

Statutory Authority: 10A O.S.2011, § 1–1–105(46).

## Notes on Use

The affirmative defense of the use of prayer for the treatment of a child is found in 10A O.S.2011, § 1–1–105(46) and applies to child abuse and neglect. Similar affirmative defenses are found in 21 O.S.2011, § 852(C), which applies to the crime of omission to provide for a child, and in 21

O.S.2011, § 852.1(B), which applies to child endangerment. This affirmative defense should be modified appropriately for omission to provide for a child or for child endangerment, because the requirements for the affirmative defenses for these other crimes differ from the requirements for this affirmative defense.

## OUJI–CR 4–36

### ENABLING CHILD ABUSE— ELEMENTS

No person may be convicted of enabling the abuse of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

[First, a person **willfully/maliciously caused/procured**;

Second, a **willful/malicious** act of **harm/(threatened harm)**;

Third, to the health, safety, or welfare;

Fourth, of a child under the age of eighteen;

Fifth, by a person who is responsible for the health, safety or welfare of the child.]

### OR

[First, a person responsible for a child's ~~health or safety~~ health, safety, or welfare ~~willfully/ maliciously engaged in~~;

Second, ~~causing/procuring/permitting a willful/malicious~~ willfully/maliciously permitted;

Third, a **willful/malicious** act of **harm/(threatened harm)**;

Fourth, to the ~~health/safety~~ health, safety, or welfare;

Fifth, of a child under the age of eighteen;

Sixth, by a person responsible for the child's health, safety, or welfare.]

~~Harm/(Threatened harm) includes, but is not limited to (select from the following): (nonaccidental physical/mental injury), sexual abuse, sexual exploitation, neglect, failure/omission to provide protection from harm/(threatened harm).~~

[**"Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of abuse.**].

Statutory Authority: ~~10 O.S. Supp.2000, §§ 7115(B), 7102(B)(1), (2)~~ 21 O.S.2011, § 843.5(B), 10A O.S.2011, § 1–1–105(2).

### Notes on Use

The bracketed definition of "permitted" should be given only if applicable. A definition of "procured" is found in OUJI–CR 4–40D, *infra.*

### Committee Comments

What distinguishes the crime of child abuse from the crime of enabling child abuse under ~~10 O.S. Supp.2000, § 7115~~ 21 O.S.2011, § 843.5(B) is that enabling child abuse involves the "causing, procuring or permitting" of child abuse, as defined in ~~10 O.S. Supp.2000, § 7102(B)~~ 10A O.S.2011, § 1–1–105(2). A person who caused or procured child abuse would be guilty of child abuse as a principal. See OUJI–CR 2–5, supra. However, a person who permitted child abuse would not necessarily be guilty of child abuse. In order to be guilty of enabling child abuse by permitting it under ~~10 O.S. Supp.2000, § 7115~~ 21 O.S.2011, § 843.5(B), a person must 1) authorize or allow for the child's care, and 2) know or reasonably should know that the child is being placed at risk of abuse. Under 21 O.S.2011, § 843.5(B), enabling child abuse is limited to causing, procuring or permitting of a willful or malicious act of child abuse, as defined by paragraph 2 of Section 1–1–105 of Title 10A of the Oklahoma Statutes, and § 843.5(B) does not include causing, procuring or permitting the willful or malicious injury, torture or maiming of a child.

In *Fairchild v. State,* 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which

causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

## OUJI–CR 4–37

### NEGLECT OF CHILD—ELEMENTS

No person may be convicted of neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's ~~health or safety~~ health, safety, or welfare;

Second, willfully/maliciously;

[Third, failed/omitted to provide;

Fourth, (adequate (nurturance and affection)/food, ~~care/~~ clothing—, /shelter/sanitation/hygiene/(appropriate education)—, /(medical/dental/(behavioral health) care, ~~and~~/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen.]

### OR

[Third, failed/omitted to protect;

Fourth, a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

### OR

[Third, abandoned;

Fourth, a child under the age of eighteen.]

---

Statutory Authority: ~~10 O.S. Supp.2000, §§ 7115(C), 7102(B)(3)~~ 21 O.S.2011, § 843.5(C), 10A O.S.2011, § 1–1–105(46).

### Committee Comments

The Committee believes some restriction on the scope of child neglect under ~~10 O.S.~~

~~Supp.2000, §§ 7115(C), 7102(B)(3)~~ 21 O.S. 2011, § 843.5(C) and 10A O.S.2011, § 1–1–105(46) is necessary because otherwise a person would be in violation of the statute for failing to provide food or shelter to a child that the person had never met. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the ~~care and protection~~ health, safety, and welfare of such children." ~~10 O.S. Supp.2000, § 7102(A)(1)~~ 10A O.S.2011, § 1–1–102(A)(3). Accordingly, the Committee has decided that the scope of child neglect should be restricted to persons responsible for the child's health or safety, as defined in ~~10 O.S. Supp.2000, § 7102(B)(5)~~ 10A O.S.2011, § 1–1–105(50). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution.

The crime of omission to provide for a child is governed by 21 O.S.2011, § 852(A). *See* OUJI–CR 4–40A, *infra.* Its elements are similar to the elements for child neglect, but in contrast to child neglect, omission to provide for a child is a misdemeanor. Unlike child neglect, omission to provide for a child includes willful omission to furnish monetary child support or the payment of court-ordered day care or medical insurance costs.

In *Fairchild v. State,* 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

## OUJI–CR 4–38

### ENABLING CHILD NEGLECT— ELEMENTS (CAUSING/PROCURING)

No person may be convicted of enabling the neglect of a child unless the State has

proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person **willfully/maliciously caused/procured**;

[Second, a **willful/malicious failure/omission** by a person responsible for a child's health, safety or welfare;

Third, to provide **adequate (nurture and affection)/food/clothing/ shelter/sanitation/hygiene/(appropriate education)/((medical/dental/ (behavioral health) care)/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child)**;

Fourth, **for a child under the age of eighteen**].

**OR**

[Second, a **willful/malicious failure/omission** by a person responsible for a child's health, safety or welfare;

Third, to protect a child under the age of eighteen from exposure to;

Fourth, **(the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).**]

**OR**

[Second, **willful/malicious** abandonment by a person responsible for a child's health, safety or welfare;

Third, of a child under the age of eighteen.]

---

Statutory Authority: 21 O.S.2011, § 843.5(D), 10A O.S.2011, § 1–1–105(46).

Notes on Use

OUJI–CR 4–36 should be used if the defendant is charged with enabling child abuse. Definitions are found in OUJI–CR 4–40D, infra.

Committee Comments

In *Fairchild v. State*, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

**OUJI–CR 4–38A**

**ENABLING CHILD NEGLECT— ELEMENTS (PERMITTING)**

No person may be convicted of enabling the neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's ~~health or safety~~ health, safety, or welfare;

Second, **willfully/maliciously** permitted;

[Third, ~~caused/procured/permitted~~ a **willful/malicious failure/omission** by a person responsible for a child's health, safety or welfare;

Fourth, ~~a willful/malicious~~ to provide **(adequate (nurture and affection)/food/clothing/ shelter/sanitation/hygiene/(appropriate education)/((medical/dental/(behavioral health) care)/supervision/ (appropriate caretakers)/(special care made necessary by the physical/mental condition of the child)**;

Fifth, ~~failure/omission to provide~~ for a child under the age of eighteen;

~~Sixth, (adequate food, care, shelter, medical care, and supervision)/(special care made necessary by the physical/mental condition of the child);~~

~~Seventh, for a child under the age of eighteen.~~]

**OR**

[Third, a **willful/malicious failure/omission** by a person responsible for a child's health, safety or welfare;

Fourth, to protect a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, a willful/malicious abandonment by a person responsible for a child's health, safety or welfare;

Fourth, of a child under the age of eighteen.

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of neglect.].

Statutory Authority: 10 O.S. Supp.2000, §§ 7115(D), 7102(B)(3) 21 O.S.2011, § 843.5(D), 10A O.S.2011, § 1–1–105(46).

Notes on Use

OUJI–CR 4–36 should be used if the defendant is charged with enabling child abuse. Definitions are found in OUJI–CR 4–40D, *infra.*

Committee Comments

In *Fairchild v. State,* 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

## OUJI–CR 4–39

## SEXUAL ABUSE/EXPLOITATION OF CHILDREN—ELEMENTS

No person may be convicted of the sexual **abuse/exploitation** of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's health, safety or welfare;

Second, willfully/maliciously engaged in;

Third, [specify particular allegation of sexual abuse or sexual exploitation as defined in 10 O.S. Supp.2000, § 7102(B) 10A O.S.2011, § 1–1–105(2)(b) or(c) ];

Fourth, of a child under the age of eighteen/twelve.

Statutory Authority: 10 O.S. Supp.2000, §§ 7115(E), (G), 7102(B)(6), (7) 21 O.S.2011, § 843.5(E), (F), (H), and (I), 10A O.S.2011, § 1–1–105(2)(b) and (c).

Notes on Use

The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged.

OUJI–CR 4–35 should be used if the defendant is charged with child abuse.

Committee Comments

The Fifth First Element in OUJI–CR 4–39 is included because of the limitation of the definition of sexual abuse in 10 O.S. Supp.2000, § 7102(B)(6) and (7) 10A O.S. 2011, § 1–1–105(2)(b) and (c) to "a person responsible for the child's health or, safety, or welfare." See also 10 O.S. Supp.2000, § 7102(A)(1) 10A O.S.2011, § 1–1–102(A)(2) ("[I]t is the policy of this state to provide for the protection of children who have been abused or neglected and who may be further threatened by the conduct of *persons responsible for the care and protection of such children.*") (emphasis added).

The Oklahoma Court of Criminal Appeals directed the use of a differently worded instruction for cases under 10 O.S. Supp.1995, § 7115 in *Huskey v. State,* 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. The above instruction places the holding in *Huskey* in the format of the other instructions on child abuse and neglect. In ¶ 11 of the *Huskey* opinion, the Court applied the definitions of sexual abuse and sexual exploitation set out in 10 O.S. Supp.1998,

§ 7102(B)(6) and (7). These definitions include the restriction that the sexual abuse or sexual exploitation must be "by a person responsible for a child's health or safety."

In *Fairchild v. State*, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

Enhanced punishment for sexual abuse and sexual exploitation of children under the age of twelve was added in 2007.

## OUJI–CR 4–40

## ENABLING THE SEXUAL ABUSE/EXPLOITATION

## OF CHILDREN—ELEMENTS

No person may be convicted of enabling the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously caused/procured;

Second, a willful/malicious;

Third, [specify particular allegation of sexual abuse or sexual exploitation as defined in 10A O.S.2011, § 1–1–105(2)(b) or(c)];

Fourth, of a child under the age of eighteen;

Fifth, by a person responsible for the child's health, safety, or welfare.

### OR

First, a person responsible for the child's health ~~or safety,~~ safety, or welfare;

Second, willfully/maliciously permitted;

~~Third, caused/procured/permitted~~

~~Fourth~~ Third, a willful/malicious;

~~Fifth~~ Fourth, [specify particular allegation of sexual abuse or sexual exploitation as defined in 10 O.S. Supp.2000, § 7102(B) 10A O.S.2011, § 1–1–105(2)(b) or (c)];

~~Sixth~~ Fifth, of a child under the age of eighteen.

Sixth, by a person responsible for the child's health, safety, or welfare.

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of sexual abuse/ exploitation.].

Statutory Authority: ~~10 O.S. Supp.2000, §§ 7115(F), (H), 7102(B)(6), (7)~~ 21 O.S.2011, § 843.5(G) and (J), 10A O.S.2011, § 1–1–105(2)(b) and (c).

### Notes on Use

The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged. Definitions are found in OUJI–CR 4–40D, *infra.*

### Committee Comments

In *Fairchild v. State*, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622–23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp.1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

## OUJI–CR 4–40A

## OMISSION TO PROVIDE FOR CHILD—ELEMENTS

No person may be convicted of omission to provide for a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, willfully;

Third, without lawful excuse;

Fourth, omitted to furnish necessary food/clothing/shelter/(monetary child support)/(medical attention)/(payment of court-ordered day care/ [medical insurance] ) for that child;

Fifth, as imposed by law upon the parent/guardian/(person having custody/ control) of the child.

[The duty to provide medical attention means that the parent/guardian/ (person having custody/control of a child) must provide medical treatment in the manner and on the occasions that an ordinarily prudent person, who is concerned for the welfare of a child, would provide. A parent/guardian/ (person having custody/control of a child) is not liable for failing to provide medical attention for every minor or trivial complaint that a child may have.]

Statutory Authority: 21 O.S. ~~Supp.2000~~ 2011 § 852(A).

Notes on Use

Section 852(C) provides for an affirmative defense if the defendant depends on spiritual means and prayer for care for a child. If evidence is introduced to support this defense, the court should modify the affirmative defense in OUJI–CR 4–35C appropriately, because the requirements for the analogous affirmative defenses for child abuse and neglect differ from some of the requirements for the affirmative defense with respect to the omission to provide for a child.

Committee Comments

The term "child" is defined in ~~10 O.S. Supp.2000, § 7001–1.3(A)(4))~~ 10A O.S.2011, § 1–1–105(7) as "any unmarried person under eighteen (18) years of age."

## CHILD ENDANGERMENT— ELEMENTS

No person may be convicted of child endangerment unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

[Fourth, physical/sexual abuse;

Fifth, of the child.]

OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

Fourth, the child to be present in a place where [~~Specify Controlled Dangerous Substance~~] a controlled dangerous substance was (being manufactured)/(attempted to be manufactured).

[Specify Controlled Dangerous Substance] is a controlled dangerous substance.

OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

Second, knowingly;

Third, permitted;

Fourth, the child to be present in a vehicle operated by a person who was impaired by or under the influence of alcohol/(an intoxicating substance);

Fifth, and the parent/guardian/ (person having custody/control) of the child knew or reasonably should have known that the operator of the vehicle was impaired by or under the influence of alcohol/(an intoxicating substance).

### OR

First, a parent/guardian/(person having custody/control) of a child under 18 years of age;

[Second, was the driver/operator/(person in actual physical control of a vehicle;

Third, who [specify violation of 47 O.S. 2011, 11–902, e.g., was under the influence of alcohol or an intoxicating substance];

Fourth, while (transporting the child/children)/(having the child/ children in the vehicle) ].

~~Abuse includes (select from the following): (willfully or maliciously injuring, torturing, or maiming a child under 18 years of age; harm or threatened harm to a child's health or safety; nonaccidental physical or mental injury; neglect; failure or omission to provide protection from harm or threatened harm; [specify particular allegation of sexual abuse or sexual exploitation as defined in 10 O.S. Supp. 2002, § 7102(B) ].~~

Statutory Authority: 21 O.S. ~~Supp.2002~~ 2011, § 852.1, ~~10 O.S. Supp.2002, § 7102(B)(1)(2)~~ 10A O.S.2011, § 1–1–105(2).

### Notes on Use

For a definition of child abuse, see OUJI–CR 4–40D, *infra.* For a definition of manufacturing a controlled dangerous substance, see OUJI–CR 6–16, *infra.* For jury instructions and definitions concerning driving while impaired and driving under the influence of alcohol and intoxicating substances, see OUJI–CR 6–17 through 6–24 and 6–35, *infra.*

Section 852.1(B) provides for an affirmative defense if the defendant depends on spiritual means and prayer for care for a child. If evidence is introduced to support this defense, the court should modify the affirmative defense in OUJI–CR 4–35C appropriately, because the requirements for the analogous affirmative defenses for child abuse and neglect differ from some of the requirements for the affirmative defense with respect to child endangerment.

### Committee Comments

An affirmative defense is provided if the defendant had a reasonable apprehension that any action to stop the abuse would result in substantial bodily harm to the defendant or the child. 21 O.S. ~~Supp.2002~~ 2011, § 852.1. For instructions on child abuse and child sexual abuse, see OUJI–CR 4–35 and 4–39, *supra. See also Huskey v. State*, 2002 [1999] OK CR 3, ¶ 11, 989 P.2d 1, 6 (summarizing the elements of the crime of child abuse).

### OUJI–CR 4–40C

### CHILD ENDANGERMENT— STATUTORY AFFIRMATIVE DEFENSE

No person may be convicted of child endangerment if that person had a reasonable apprehension that any action to (~~any action to~~ stop the physical/sexual abuse)/ (deny permission for the child to be in the vehicle with an intoxicated person) would result in substantial bodily harm to the person or the child.

It is the burden of the State to prove beyond a reasonable doubt that the defendant did not have such reasonable apprehension. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

Statutory Authority: 21 O.S. ~~Supp.2000~~ 2011, § 852.1.

### OUJI–CR 4–40D

### CRIMES AGAINST CHILDREN— DEFINITIONS

**Abandonment of a child**—A willful refusal or failure to adequately provide for a child, and not a mere failure on account of inability.

References: 21 O.S.2011, § 853; *Bingham v. State*, 1971 OK CR 322, ¶ 9, 488 P.2d 603, 604; *Rowden v. State*, 1964 OK CR 120, ¶ 11, 397 P.2d 515, 517.

## Committee Comments

A different definition of abandonment is found in the Oklahoma Children's Code at 10A O.S.2011, § 1-1-105(1). The above definition is more appropriate for the criminal context than the definition in the Oklahoma Children's Code, which applies to termination of parental rights.

Child—Any person under eighteen years of age.

## Committee Comments

Although 10A O.S.2011, § 1-1-105(7) defines a child as an unmarried person under the age of 18, the Committee has concluded this definition should not be applied to limit the scope of 21 O.S.2011, § 843.5 to unmarried persons because the plain language of section 843.5 specifies that it applies to a child under the age of eighteen without any limitation that the child must be unmarried.

Child Abuse—Willful/Malicious (harm)/(threatened harm)/(failure to protect from (harm)/(threatened harm)) to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare.

### OR

Injuring/Torturing/Maiming a child under the age of eighteen.

References: 21 O.S.2011, § 843.5(A); 10A O.S.2011, § 1-1-105(2)

## Notes on Use

This definition is to be used with OUJI-CR 4-40B supra for child endangerment.

Harm/(Threatened Harm) to the Health or Safety of a Child—Any real/threatened physical/mental/ emotional injury/ damage to the body/mind that is not accidental.

Reference: 10A O.S.2011, § 1-1-105(2)(a)

## Committee Comments

The definition of "abuse" in 10A O.S. 2011, § 1-1-105(2) states that it involves harm or threatened harm to the health, safety, or welfare of a child, and then the statute defines "harm or threatened harm to the health or safety of a child." The statutes, however, do not provide a definition of harm or threatened harm to the welfare of a child.

Knowingly—With personal awareness of the facts.

Reference: 21 O.S. 1991 2011, § 96.

Maiming—Infliction on another of a physical injury that disables or disfigures or seriously diminishes physical vigor, performed with the intent to cause any injury.

Malicious—The term imports a wish to vex, annoy or injure another person.

Reference: 21 O.S. 1991 2011, § 95.

Neglect—Failure or omission to provide a child under the age of eighteen with [select from the following: adequate (nurture and affection)/ food/clothing—, /shelter/sanitation/hygiene/(appropriate education)—, /(medical /dental/(behavioral health) care)/ supervision for a child/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child).]

### OR

Failure or omission to protect a child under the age of eighteen from exposure to: [select from the following: the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

### OR

Abandonment of a child under the age of eighteen.

Reference: 10 O.S. Supp.2000, § 7102(B)(3) 10A O.S.2011, § 1-1-105(46).

Person Responsible for a Child's Health or Safety, Safety, or Welfare—A parent/(legal guardian)/custodian/(foster parent)/(a person eighteen years of age or older with whom the child's parent cohabitates or any other adult residing in the home of the child)/(an agent/employee of a public/private [residential home/institution/ facility]/[day treatment program] )/(an

owner/operator/employee of a child care facility).

Reference: ~~10 O.S. Supp.2000, § 7102(B)(5)~~ 10A O.S.2011, § 1–1–105(50).

Permit—To authorize or allow for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk **of abuse/neglect/(sexual abuse)/(sexual exploitation)**.

Reference: 21 O.S.2011, § 843.5(B), (D), (G), and (J).

Procure—To induce or bring about.

References: Webster's Third New International Dictionary 1809 (2002); Black's Law Dictionary 1327 (9th ed.2009).

**Torture—Infliction of either great physical pain or extreme mental cruelty.**

Reference: *Berget v. State*, 1991 OK CR 121, ¶ 31, 824 P.2d 364, 373; The Random House Dictionary (2d ed.1988). *But see Atterberry v. State*, 1986 OK CR 186, ¶ 9, 731 P.2d 420, 423 (child abuse statute did not prohibit "threatened harm" or infliction of a "mental injury").

**Unreasonable Force**—More than that ordinarily used as a means of discipline.

Reference: 21 O.S. ~~1991~~ 2011, § 844.

**Willful—Purposeful. "Willful" is a willingness to commit the act or omission referred to, but does not require any intent to violate the law or to acquire any advantage.**

References: 21 O.S. ~~1991~~ 2011, § 92. *Tarver v. State*, 1982 OK CR 156, ¶¶ 12, 13, 651 P.2d 1332, 1334.

### Committee Comments

Unlike other definitions of "willful" in these Uniform Jury Instructions, the definition of "willful" in OUJI–CR 4–40D deletes the phrase "or to injure another" in 21 O.S. ~~1991~~ 2011, § 92. The Oklahoma Court of Criminal Appeals decided in *Hockersmith v. State*, 1996 OK CR 51, ¶ 12, 926 P.2d 793, 795, and *Bannister v. State*, 1996 OK CR 60, ¶¶ 5–6, 930 P.2d 1176, 1178, that the definition of "willful" in the context of a prosecution for the felony murder of a child under 21 O.S. Supp.1999,

§ 701.7(C), should not have eliminated the requirement of an intent to injure. The above definition of "willful" conforms to the *Hockersmith* and *Bannister* cases. In *Fairchild v. State*, 1999 OK CR 49, ¶¶ 32, 45, 998 P.2d 611, 619, 621–22, the Court of Criminal Appeals overruled the *Hockersmith* and *Bannister* cases, but the Court also directed that the above definition of "willful" should continue to be used in prosecutions for the felony murder of a child under 21 O.S. Supp.1999, § 701.7(C). *Fairchild v. State*, 1999 OK CR 49, ¶ 75, 998 P.2d at 626.

### OUJI–CR 4–72

### DEATH PENALTY PROCEEDINGS—

### AGGRAVATING CIRCUMSTANCES

You are instructed that, in arriving at your determination of punishment, you must first determine whether any one or more of the following aggravating circumstances exists beyond a reasonable doubt:

1. The defendant, prior to this sentencing proceeding, was convicted of a felony involving the use or threat of violence to the person;

2. During the commission of the murder, the defendant knowingly created a great risk of death to more than one person;

3. The person committed the murder for remuneration or the promise of remuneration or employed another to commit the murder for remuneration or the promise of remuneration;

4. The murder was especially heinous, atrocious, or cruel;

5. The murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution;

6. The murder was committed by a person while serving a sentence of imprisonment on conviction of a felony;

7. The victim of the murder was a peace officer or ~~guard~~ correctional employee of an institution under the control of the ~~department of corrections~~ Department of Corrections, and such person was killed in performance of official duty; or

8. At the present time there exists a probability that the defendant will commit criminal acts of violence that would constitute a continuing threat to society.

### Notes on Use

The trial judge should list only the aggravating circumstance(s) upon which proof has been offered by the State during the second-stage proceeding and of which the defendant was notified prior to trial.

### Committee Comments

The Court of Criminal Appeals modified Paragraph 1 of this instruction in *McCarty v. State*, 1999 [1998] OK CR 18 [61], ¶ 6, 977 P.2d 1116, 1141.

### OUJI–CR 4–77

## DEATH PENALTY PROCEEDINGS— CIRCUMSTANTIAL EVIDENCE— ~~EXCLUDING REASONABLE THEORIES OTHER THAN~~

## ~~EXISTENCE OF AGGRAVATING CIRCUMSTANCE~~

The State relies [in part] upon circumstantial evidence for proof of the aggravating **circumstance(s) of [Specify the Aggravating Circumstance(s) That Is/Are Applicable]**. In order to warrant a finding of any aggravating circumstance or circumstances upon circumstantial evidence, each fact necessary to prove the existence of the circumstance must be established by the evidence beyond a reasonable doubt. ~~All the facts necessary to such proof must be consistent with each other and with the conclusion the State seeks to establish. All of the facts and circumstances, taken together, must be inconsistent with any reasonable theory or conclusion other than the existence of the aggravating circumstance.~~ All of the facts and circumstances, taken together, must establish to your satisfaction the existence of the aggravating **circumstance(s)** beyond a reasonable doubt.

### Notes on Use

This instruction may be given when the prosecution relies on circumstantial evidence for proof of an aggravating circumstance. The trial judge shall give OUJI–CR 9–2 through 9–4 along with this instruction.

### Committee Comments

This instruction is adapted from former OUJI–CR 804 (currently OUJI–CR 9–5), which was written for cases where circumstantial evidence is used to establish the defendant's guilt. In *Snow v. State*, 1994 OK CR 39, ¶ 33, 876 P.2d 291, 299, the Oklahoma Court of Criminal Appeals found that when circumstantial evidence is used to support an aggravating circumstance, the circumstantial evidence must rule out all other reasonable hypotheses.

The Oklahoma Court of Criminal Appeals has summarized the rules concerning the giving of former OUJI–CR 804 as follows:

> [O]ne, it is error for the trial court not to instruct the jury, even though no request is made, when all the evidence relied upon is circumstantial; two, when the evidence is both direct and circumstantial, it is not error to fail to give an instruction when none is requested; and three, the failure to give an instruction where all of the evidence is circumstantial and no request is made, is not reversible error unless the evidence against the defendant is inherently weak or improbable.

*Grimmett v. State*, 1977 OK CR 320, ¶ 5, 572 P.2d 272, 274.

~~In *Lay v. State*, 2008 OK CR 7, 179 P.3d 615, the trial court modified this instruction by eliminating the reasonable hypothesis test in its third and fourth sentences in order to conform to *Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559. The Oklahoma Court of Criminal Appeals stated in *Lay*, however, that the "reasonable hypothesis" test was "still the required jury instruction for aggravating circumstances proven, entirely or in part, by circumstantial evidence." Nevertheless, the Court of Criminal Appeals affirmed the~~

~~death sentence, because the defendant had failed to object at trial and consequently, the error had been waived. 2008 OK CR 7 at ¶ 29, 179 P.3d at 623. Accordingly, this instruction should continue to be used for the second stage of death penalty cases.~~ In *Harmon v. State*, 2011 OK CR 6, ¶ 57, 248 P.3d 918, 938, the Oklahoma Court of Criminal Appeals held that the reasoning of *Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 557, applied to both the first and second stage instructions, and that the reasonable hypothesis test should be removed from OUJI–CR 4–77.

## OUJI–CR 4–93

### MURDER IN THE SECOND DEGREE BY FELONY MURDER—

### IN THE COMMISSION OF DEFINED

A person is in the commission of [**Specify Underlying Felony**] when he/she is performing an act which is an inseparable part of [**Specify Underlying Felony**], or which is necessary in order to complete the course of conduct constituting [**Specify Underlying Felony**], or when he/she is fleeing from the immediate scene of a/an [**Specify Underlying Felony**].

---

Statutory Authority: 21 O.S. ~~1991~~ 2011, § 701.8.

### Committee Comments

The instruction is proposed as a means of focusing the jury's attention upon the two critical elements of felony murder: commission of a felony, and death to the victim as a consequence of the defendant's conduct in committing that crime.

This portion of section 701.8 essentially embodies the language of the pre–1973 felony-murder rule, 21 O.S.1971, § 701(3). Like section 701(3), section 701.8 does not require that any particular intent or mental state be established in order to convict the defendant of felony-murder. Given the near identity of language, the Oklahoma precedent discussed in relation to first-degree felony murder, holding that all co-

felons participating in the felony may be convicted of murder where the conduct of any one of the participants causes death in the commission of the crime, seems fully applicable.

Several points must be emphasized regarding the "any felony" language of section 701.8. First, ~~the Court ruled in *Tarter v. State*, 1961 OK CR 18, 359 P.2d 596, 597 (Syllabus 6 by the Court): "In order for the taking of human life to constitute murder by reason of the perpetrator being engaged in the commission of a felony, the precedent felony must constitute an independent crime not included within the resulting homicide." The defendant in *Tarter* maintained he had fired at the deceased in an attempt to hit his legs in an effort "to make him suffer as I have suffered." *Id.* ¶ 29, 359 P.2d at 600. The State argued that such an assault upon the deceased would constitute a felony, so that section 701(3) would support the defendant's conviction for murder. The Court rejected this contention, and held that the felony-murder rule is inapplicable where the underlying felony is included in the resulting homicide, and does not constitute an independent crime. The elements constituting the felony in which the defendant was engaged must be distinct from the consequent homicide. See also *Sullinger v. State*, 1984 OK CR 44, ¶ 5, 675 P.2d 472, 473 (aggravated assault and battery on a corrections officer was not independent of the homicide).~~ the Oklahoma Court of Criminal Appeals announced in *Barnett v. State*, 2011 OK CR 28, ¶¶ 10–15, 32, 263 P.3d 959, 963–64, that it would no longer require the precedent felony to be an independent crime that was not included within the resulting homicide, and the Court abandoned the merger doctrine, which previously had restricted the crime of second degree felony murder.

~~Another limitation is that~~ However, an enumerated felony for first degree felony murder cannot serve as the basis for a second degree felony murder charge. *State v. McCann*, 1995 OK CR 70, ¶¶ 7–9, 907 P.2d 239, 241 (affirming demurrer to information charging defendant with sec-

ond degree felony murder based on felony of unlawful distribution of a controlled dangerous substance).

In addition, the "any felony" language raises the specter of a forger being convicted of murder if he accidentally trips his victim and causes the victim to strike his head and suffer death. Many jurisdictions have circumscribed the scope of the "any felony" rule by judicial decision. *See, e.g., People v. Washington,* 62 Cal.2d 777 [44 Cal.Rptr. 442], 402 P.2d 130 (1965); *Commonwealth v. Redline,* 391 Pa. 486, 137 A.2d 472 (1958). The restriction of the felony-murder rule to those crimes which evince some potential for peril to others is more in accordance with the common law development of the doctrine than it is an unfettered interpretation of the "any felony" provision. Indeed, at common law the felony-murder rule was in fact more narrow and less arbitrary because, at the time the doctrine developed, the few existing felonies were themselves punishable by death. W. LaFave & A. Scott, Criminal Law § 71, at 545–48 (1972).

The Oklahoma Court of Criminal Appeals has afforded explicit recognition to this limiting principle. In *Wade v. State,* 1978 OK CR 77, 581 P.2d 914, the defendant committed the felony of possession of a loaded pistol in an establishment where beer or alcoholic beverages were consumed, in contravention of 21 O.S. Supp. 1976, §§ 1272.1–1272.2. In affirming the defendant's conviction for felony-murder in connection with the homicide of a woman by the defendant, the Court articulated a requirement which must link the underlying felony to the homicide: "The felony must be inherently or potentially dangerous to human life, inherently dangerous as determined by the elements of the offense or potentially dangerous in light of the facts and circumstances surrounding both the felony and the homicide." *Id.* ¶ 4, 581 P.2d at 916.

Thus, the Court has adopted an approach to the question of whether the particular felony at issue might form the basis for a felony-murder charge that requires an examination of the circumstances in which the crime was committed, as well as of the crime itself. As an abstract proposition, some felonies, such as burglary or robbery, are inherently dangerous to life, while others, such as larceny or false pretenses, are not. But the facts of the particular case, including the circumstances under which the felony was perpetrated, must be examined in order to determine whether even a nonperilous felony is committed in such a way as to create a potential danger to life.

The determination of the inherent or potential peril to human life engendered by the defendant's conduct must be made by the trial judge. Should he find the felony-murder rule inappropriate as applied to a particular felony, he should not instruct on it. Should he find the felony-murder rule applicable, he must determine which felony or felonies to name and define in the instruction. Note: Due-process requires that any such felony be charged in the information or indictment. *Cole v. Arkansas,* 333 U.S. 196 [68 S.Ct. 514, 92 L.Ed. 644] (1948). If the jury is charged and instructed on the basis of alternative felonies, separate verdict forms should be given in order to determine which felony was committed.

### OUJI–CR 4–94

### MANSLAUGHTER IN THE FIRST DEGREE BY MISDEMEANOR–MANSLAUGHTER—ELEMENTS

No person may be convicted of manslaughter in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the death of a human;

Second, occurring as a direct result of an act or event which happened in the commission of a misdemeanor;

Third, caused by [**the defendant(s)** ]/[**a person engaged with the defendant(s)** ] while in the commission of a the misdemeanor;

Fourth, the elements of the [**Specify Underlying Misdemeanor**] **defendant(s) is/are**

alleged to have been in the commission of are as follows:

**[Give Elements of Underlying Misdemeanor]**

---

Statutory. Authority: 21 O.S. ~~1991~~ 2011, § 711(1).

### Notes on Use

Accomplice and/or coconspirator instructions should be given where appropriate.

### Committee Comments

**Scope of the misdemeanor-manslaughter rule.** The misdemeanor-manslaughter rule, like the felony-murder rule, requires no particular mental state on the part of the defendant except that which is required for conviction of the underlying misdemeanor. ~~However, an apparent difference between the felony-murder rule and the misdemeanor-manslaughter rule lies in the nature of the underlying crime which can form the basis for a homicide prosecution. As discussed in the Committee Comments pertaining to felony-murder in the second degree, the Oklahoma Court of Criminal Appeals has held that the crime termed a felony must constitute an independent crime not included within the consequent homicide. Thus, in *Tarter v. State*, 1961 OK CR 18, 359 P.2d 596, the defendant who committed an aggravated assault by shooting with intent to hit the homicide victim in the legs could not be convicted of felony-murder.~~

~~By contrast, the Oklahoma cases seem to indicate that the independent-crime limitation does not apply to misdemeanor-manslaughter. *See, e.g., Miller v. State*, 1974 OK CR 117, 523 P.2d 1118 (defendant who committed misdemeanor of pointing pistol at victim while engaging in drunken horseplay was convicted for misdemeanor-manslaughter); *Lady v. State*, 18 Okl. Cr. 59, 192 P. 699 (1920) (defendant who committed misdemeanor of willfully discharging firearm along an open road was convicted for misdemeanor-manslaughter); *Kent v. State*, 8 Okl. Cr. 118, 126 P. 1040~~ ~~(1912) (defendant who committed misdemeanor of pointing a deadly weapon at deceased was convicted for misdemeanor-manslaughter).~~

~~The Court explicitly declared in *Miller*, supra, that, where the defendant indeed commits conduct which constitutes a misdemeanor and thereby causes death, no instruction regarding manslaughter in the second degree was warranted, and rejected a contrary suggestion stated in dicta in *Glenn v. State*, 1958 OK CR 102, 333 P.2d 597, cert. denied, 359 U.S. 1014 (1958). The Court drew this conclusion from its construction of the second-degree manslaughter statute, section 716 of Title 21, which defines as within its confines only those homicides which are "not Murder or Manslaughter in the First Degree." *Miller*, supra, 1974 OK CR 117, ¶ 9, 523 P.2d at 1121. Although *Miller* has not been overruled, its holding has probably been superseded by *Shrum v. State*, 1999 OK CR 41, ¶ 10, 991 P.2d 1032, 1036, in which the Court of Criminal Appeals adopted the evidence test to determine what constitutes a lesser included offense for a charged crime.~~

~~The Oklahoma Court of Criminal Appeals held in *State v. Ceasar*, 2010 OK CR 15, 237 P.3d 792, that any misdemeanor can be used as the underlying offense in a misdemeanor manslaughter charge. In *Ceasar*, the Court overruled the magistrate's sustaining of a demurrer for first degree manslaughter in the commission of a misdemeanor, where the predicate misdemeanor was for driving after revocation of a driver's license. The Court held that because 21 O.S.2001, § 711(1) "does not distinguish among the type or category of misdemeanor which can be used as the underlying offense in a misdemeanor manslaughter charge," any misdemeanor would satisfy the initial step in charging misdemeanor manslaughter. 2010 OK CR 15, ¶ 10, 237 P.3d at 794.~~

One final statutory demarcation concerning the scope of the misdemeanor-manslaughter statute is warranted. The vehicular or negligent homicide statute enacted in 1961, section 11–903 of Title 47, provides that a person who causes the death of

another through operation of a vehicle in "reckless disregard of the safety of others" is culpable for negligent homicide. The Court has held that, where the underlying misdemeanor perpetrated by the defendant is an offense of the reckless driving ilk, the negligent-homicide statute applies to the exclusion of the first-degree manslaughter law. *Short v. State*, 1977 OK CR 44, 560 P.2d 219. However, where the misdemeanor offense is driving while intoxicated, in violation of section 11–901 of Title 47, such conduct removes a consequent homicide from the definition of "negligent homicide" and renders a conviction for manslaughter in the first degree appropriate. *Lomahaitewa v. State*, 1978 OK CR 67, 581 P.2d 43; *White v. State*, 1971 OK CR 141, 483 P.2d 751; *Ritchie v. Raines*, 1997 [1962] OK CR 101, 374 P.2d 772.

**Proximate Cause.** The broad range of conduct defined as violative of the criminal law, and thus constituting misdemeanor offenses, renders the misdemeanor-manslaughter rule, on its face, one of virtually unlimited application, appropriate to any instance where death ensues while the defendant is engaged in perpetration of a misdemeanor. For example, convictions for manslaughter in the first degree have been found appropriate where the defendant's underlying unlawful act was carrying a gun, *Welborn v. State*, 70 Okl. Cr. 97, 105 P.2d 187 (1940), or disciplining a child to the extent of committing assault and battery, *Campbell v. State*, 1976 OK CR 32, 546 P.2d 276.

The Court of Criminal Appeals, however, has circumscribed applicability of the doctrine by requiring that the offense the defendant was engaged in when death ensued must be the "direct and proximate cause" of the homicide. *Logan v. State*, 42 Okl. Cr. 294, 298, 275 P. 657, 658 (1929). In *Logan*, the seminal case, the Court affirmed the defendant's conviction for manslaughter in the first degree where the homicide with which the defendant was charged ensued while the defendant was driving at an unlawful rate of speed and in

an intoxicated state. The Court reasoned that "[c]ertainly, the commission of a misdemeanor in no way connected with the death is not what is meant by the law." *Id.* at 295, 275 P. at 658. Examples cited by the Court where proximate cause would be absent were situations where the defendant unintentionally and otherwise without culpability struck and killed a person while driving without a vehicle tag, or struck and killed a person who had intentionally thrust himself into the path of the defendant's automobile while the defendant was driving at an excessive rate of speed.

This restriction, that the offense relied upon as a predicate for misdemeanor-manslaughter must directly and proximately cause the homicide, has been reiterated and adhered to in subsequent cases. *Ruth v. State*, 1978 OK CR 79, 581 P.2d 919; *Nickelberry v. State*, 1974 OK CR 81, 521 P.2d 879; *Lime v. State*, 1973 OK CR 178, 508 P.2d 710; *Gallaway v. State*, 1971 OK CR 507, 492 P.2d 368; *Chase v. State*, 1963 OK CR 56, 382 P.2d 457. However, these cases also specify that omission of a proximate-cause instruction in a case where death is clearly the result of the defendant's unlawful act is not reversible error.

The Court has also stated that the instruction given need not be in any particular language, so long as it adequately informs the jurors of the necessity of finding a causal link. The Commission is reluctant to insert the term "proximate" or "legal" in the instruction, and has substituted "direct result" as a description of the necessary causal connection.

~~Even faithful application of the proximate-cause requirement does not assuage the potential harshness of the misdemeanor-manslaughter rule under certain circumstances. The following scenario is adapted from a hypothetical case discussed in W. LaFave & A. Scott, Criminal Law § 79, at 595–96 (1972). Operating a vehicle without brakes is a statutory offense. The defendant's brakes suddenly fail, through no fault of his own, and he strikes and kills the victim. Under Oklahoma law, since proximate cause is established, the defendant could be convicted of manslaughter in the first degree, which seems~~

~~an untoward result. This consequence was avoided at common law by permitting a manslaughter conviction only where the unlawful act which proximately caused the homicide was malum in se, rather than a violation of a regulatory statute. W. La-Fave & A. Scott, *supra*, at 594–601. R. Perkins, Criminal Law 73–77 (2d ed.1969). Although there exists no such distinction in the Oklahoma cases, the Commission has unearthed no case affirming a misdemeanor-manslaughter conviction where the underlying offense was merely malum prohibitum.~~ In *State v. Ceasar*, 2010 OK CR 15, 237 P.3d 792, the Oklahoma Court of Criminal Appeals overruled the magistrate's sustaining of a demurrer for first degree manslaughter in the commission of a misdemeanor, where the predicate misdemeanor was for driving after revocation of a driver's license. The Court decided that the misdemeanor for driving after revocation of a driver's license satisfied the proximate cause requirement for application of the misdemeanor-manslaughter rule, because the defendant's driving after revocation of his driver's license was a substantial factor in bringing about the victim's death. *Id.* ¶ 13, 237 P.3d at 795.

It should be observed that the Court's treatment of this question of causation and inherent nature of the offense is the converse of its resolution of the question in the felony-murder context, where, as discussed in the Committee Comments pertaining to first- and second-degree felony-murder, the Court has determined that the inherently or potentially dangerous nature of the underlying felony must be established, but that proximate cause need not be demonstrated. *Wade v. State*, 1978 OK CR 77, 581 P.2d 914.

**"In the commission of."** Although the Commission has recommended that the trial judge instruct the jurors regarding the breadth of the "in the commission of" language as embodied in the felony-murder statutes, it is the Commission's position that the proximate cause requirement, emphasized by use of the term "direct result" in the instruction, renders such an instruction superfluous in the misdemeanor-manslaughter context. The Commission has found no Oklahoma cases addressing this precise point.

**Accomplice responsibility.** Oklahoma precedent clearly provides that a person engaged in the commission of an inherently or potentially dangerous felony is culpable for murder where death ensues, regardless of whether he or a cofelon actually performs the slaying. Prior to the enactment of the current murder statutes, the Court of Criminal Appeals indicated that a felony-murder conviction might be sustained even where the slaying was performed by a police officer while the defendant was perpetrating a felony. *See Johnson v. State*, 1963 OK CR 91, 386 P.2d 336. The issue raised in the misdemeanor-manslaughter context is whether a similar result of accomplice responsibility obtains. The Commission has concluded that it does. The common law foundations for the misdemeanor-manslaughter rule justify accomplice responsibility for homicide. The historical limitation of the doctrine's applicability to situations where the underlying offense is malum in se was intended to punish the defendant for homicide whenever conduct in which he engages poses a peril to the lives and safety of others. R. Perkins, Criminal Law 73–79 (2d ed.1969).

However, strict application of the proximate-cause requirement, which is the prevailing rule in Oklahoma, makes it difficult to conjure up a hypothetical situation where the defendant's conduct would be deemed the direct and proximate cause of the consequent death unless the defendant himself performed the slaying.

### OUJI–CR 4–120

### RAPE IN THE FIRST DEGREE— ELEMENTS

No person may be convicted of rape in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, sexual intercourse;

Second, with a person who was not the spouse of the defendant [and who may be of the same sex as the defendant];

[Third, where the defendant was over the age of eighteen, and the victim was under the age of fourteen].

OR

[Third, where the victim was incapable through mental illness or any other unsoundness of mind, whether temporary or permanent, of giving legal consent].

OR

[Third, where the victim was intoxicated by a/an narcotic/(anesthetic agent);

Fourth, (given by)/(with the knowledge of) the defendant;

Fifth, as a means of forcing the victim to submit].

OR

[Third, where the victim was at the time unconscious of the nature of the act and this fact was known by the defendant].

OR

[Third, [where force/violence was used against (the victim)/(another person) ]/[where force/violence was threatened against (the victim)/(another person) and the defendant had the apparent power to carry out the threat of force/violence].

---

Statutory Authority: 21 O.S. ~~Supp.1995~~ 2011, §§ 1111(A), ~~21 O.S.1991, §~~ 1114.

Notes on Use

The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence.

RAPE IN THE SECOND DEGREE—ELEMENTS

No person may be convicted of rape in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, sexual intercourse;

Second, with a person who is not the spouse of the defendant [and who may be of the same sex as the defendant];

~~[Third, where the victim was under the age of sixteen].~~

~~OR~~

~~[Third, where the victim was intoxicated by a/an narcotic/(anesthetic agent);~~

~~Fourth, given by/(in the presence of) the defendant;~~

~~Fifth, as a means of forcing the victim to submit].~~

OR

~~[Third, where the victim was at the time unconscious of the nature of the act and this was known by the defendant].~~

OR

[Third, where the victim was under the belief induced by the defendant that the victim was having intercourse with his/her spouse].

OR

[Third, where the victim was under the legal custody/supervision;

Fourth, of a (state/federal agency)/county/municipality/(political subdivision); and

Fifth, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/municipality/(political subdivision) that exercised authority over the victim;].

OR

[**Third,** where the victim was between sixteen and twenty years of age;

**Fourth,** the victim was a student /(under the legal custody/supervision) of a/an (elementary/secondary school)/(junior high) /high/(public vocational) school;

**Fifth,** the defendant was eighteen years of age or older; and

**Sixth,** the defendant was an employee of the victim's school system].

---

Statutory Authority: 21 O.S. Supp.2006 2011, §§ 1111, 21 O.S.2001, § 1114.

### Notes on Use

The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence.

### Committee Comments

In all instances, the statutory age under which a victim is legally incapable of consenting to sexual intercourse is 16, section 1111(A)(1). If a defense under section 1112 is unavailable, sexual intercourse with a person under 16 years of age is at least rape in the second degree, although if the victim is under 14 years of age, rape in the first degree is a possible charge. Even if the proof establishes that the victim is 13 years of age, a prosecution and conviction for rape in the second degree is proper because rape in the second degree is a lesser included offense of rape in the first degree. Hence, the first alternative in the third element simply indicates a victim under 16 years of age.

The other alternatives in the third element constitute, in fact or by law, sexual intercourse without the consent of the victim.

The age of the defendant is not an element of the crime of second-degree rape. If the prosecutor is uncertain whether it can be proved that the defendant has attained the age of 18, he/she can charge the defendant with second-degree rape and the conviction would be upheld although it is established that the defendant is over 18. *Brasel v. State,* 1929 OK CR 216 48 Okl. Cr. 403, 291 P. 807, 48 Okl. Cr. 403 (1930). The age of the defendant may become relevant as a defense, however, under section 1112, if the victim is over 14 years of age and consents, and the defendant is under 18 years of age.

Oklahoma's rape shield law, 12 O.S. 2001 2011, § 2412, limits the use of evidence of the sexual behavior of the victim in prosecutions for sexual offenses.

### OUJI–CR 4–125

### RAPE BY INSTRUMENTATION IN THE FIRST DEGREE— ELEMENTS

No person may be convicted of rape by instrumentation in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, penetration of the person penetrated the **anus/vagina;**

Second, of any other person victim;

Third, by with **(an inanimate object)/(a part of the human body other than the penis);**

Fourth, without his/her the victim's consent;

Fifth, which resulted resulting in bodily harm; and

Sixth, **[List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].**

### OR

First, the person was eighteen years of age or older;

Second, the person was an employee of the victim's school system; and

Third, the person penetrated the **anus/vagina;**

Fourth, of a **student/(person under the legal custody/supervision) of a public/pri-**

vate (elementary/secondary school)/(junior high)/high/(public vocational) school;

Fifth, who was at least sixteen years of age and less than twenty years of age;

Sixth, resulting in bodily harm.

### OR

First, the defendant was an **employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision)**; and

Second, who penetrated the **anus/vagina**;

Third, of a person who was under the legal custody/supervision;

Fourth, of the (state/federal agency)/county/municipality/(political subdivision) that employed the defendant;

Fifth, resulting in bodily harm.

Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

---

Statutory Authority: 21 O.S. ~~2001~~ 2011, §§ 1111.1, 1113, 1114.

### OUJI–CR 4–127

### RAPE BY INSTRUMENTATION

### IN THE SECOND DEGREE— ELEMENTS

No person may be convicted of rape by instrumentation in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, ~~penetration of~~ the person penetrated the **anus/vagina**;

Second, of any ~~other person~~ victim;

Third, ~~by~~ with **(an inanimate object)/(a part of the human body other than the penis)**;

Fourth, without ~~his/her~~ the victim's consent;

Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].

### OR

First, the person was eighteen years of age or older;

**Second, the person was an employee of the victim's school system; and**

Third, who penetrated the **anus/vagina**;

Fourth, **of a student/(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high) /high/(public vocational)** school;

**Fifth, who was at least sixteen years of age and less than twenty years of age.**

### OR

First, the defendant was an **employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision)**; and

Second, who penetrated the **anus/vagina**;

Third, of a person who was under the legal custody/supervision;

Fourth, of the (state/federal agency) /county/municipality/(political subdivision) that employed the defendant.

Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.

---

Statutory Authority: 21 O.S.2011, §§ 1111.1, 1113, 1114.

### Committee Comments

The crime of rape by instrumentation 21 O.S. ~~1991~~ 2011, § 1111.1, does not fall within the common law definition of rape. R. Perkins, Criminal Law 152 (2d ed.1969). Before section 1111.1 was adopted in 1981, the acts constituting this crime would have fallen within the assault and battery crimes. Since section 1111.1 creates a specific crime covering acts falling within its purview, the State should charge under this specific statute rather than the general assault and battery statutes. 21 O.S. ~~2001~~ 2011, § 11.

Most elements of rape by instrumentation are self-explanatory. In reference to

the first element, note that penetration of the mouth is not included within this offense. Such a ~~foreeable~~ forcible act would, however, be covered by the crime against nature/~~foreeable~~ forcible sodomy statutes, 21 O.S. ~~2001~~ 2011, §§ 886, 888. "Any sexual penetration, however slight, is sufficient to complete this crime." 21 O.S. ~~2001~~ 2011, § 1113.

The second element, "of another person," means just what it states. Under section 1111.1, spousal "rape" is specifically recognized. The Commission has concluded that the language "of another person," when used in conjunction with "penetration of the anus or vagina," means that a male can "rape" a male and a female can "rape" a female by instrumentation.

### OUJI–CR 4–129

### [LEWD ACTS (MOLESTATION) WITH]/[INDECENT PROPOSALS TO]

### A CHILD UNDER SIXTEEN— ELEMENTS

No person may be convicted of (**lewd acts with**)/(**indecent proposals to**) a child under sixteen unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the defendant (**was at least three years older than the** victim who)/(used force/fear and);

Second, ~~who~~ knowingly and intentionally;

[Third, made any oral/written/(electronically/computer generated) lewd or indecent proposal;

Fourth, to any child/(person the defendant believed to be a child) under sixteen years of age;

Fifth, for the child to have unlawful sexual relations/intercourse with any person.]

### OR

[Third, (looked upon)/touched/mauled/felt;

Fourth, the body or private parts;

Fifth, of any child under sixteen years of age;

Sixth, in any lewd or lascivious manner.]

### OR

[Third, asked/invited/enticed/persuaded;

Fourth, any child under sixteen years of age;

Fifth, to go alone with any person;

Sixth, to a secluded/remote/secret place;

Seventh, with the unlawful and willful intent and purpose;

Eighth, to commit [Identify Crime Against Public Decency and Morality].]

### OR

[Third, in a lewd and lascivious manner;

Fourth, for the purpose of sexual gratification;

Fifth, [urinated/defecated upon]/[ejaculated upon/(in the presence of) ];

Sixth, any child under sixteen years of age.]

### OR

[Third, in a lewd and lascivious manner;

Fourth, for the purpose of sexual gratification;

Fifth, caused/exposed /forced/required any child under sixteen years of age;

Sixth, to look upon [the body/(private parts) of another person]/[sexual acts performed in the presence of the child].]

### OR

[Third, in a lewd and lascivious manner;

Fourth, for the purpose of sexual gratification;

Fifth, forced/required any child under sixteen years of age;

Sixth, to touch/feel the body/(private parts) of (the child)/(another person).]

**OR**

[Third, in a lewd and lascivious manner;

**Fourth, for the purpose of sexual gratification;**

**Fifth, forced/required any child/(person the defendant believes to be a child) under sixteen years of age;**

**Sixth, to view any obscene materials/(child pornography)/(materials deemed harmful to minors).]**

The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

---

Statutory Authority: 21 O.S. ~~Supp.2000~~ 2011, § 1123(A).

### Notes on Use

The trial court should select the appropriate Third and additional Elements according to the crime charged and the evidence presented.

### Committee Comments

The Oklahoma Court of Criminal Appeals ruled that section 1123(A)(1) of title 21 was not unconstitutionally vague in *Reed v. State*, 1986 OK CR 64, ¶¶ 3–6, 718 P.2d 373, 374–75.

The definition of "lewd" and "lascivious" is taken from *Reeves v. State*, 1991 OK CR 101, ¶¶ 44–47, 818 P.2d 495, 504.

Corroboration of the victim's testimony is not required "unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief." *Jones v. State*, 1988 OK CR 281, ¶ 10, 765 P.2d 800, 802.

### OUJI–CR 4–130

### SEXUAL BATTERY—ELEMENTS

No person may be convicted of sexual battery unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the defendant intentionally;

Second, **touched/felt/mauled;**

Third, in a lewd and lascivious manner.

~~Third~~ Fourth, the **body/(private parts);**

~~Fourth~~ Fifth, of ~~any~~ a person sixteen years of age or older;

~~Fifth~~ Sixth, without **his/her** consent;

~~Sixth, in a lewd and lascivious manner.~~

**OR**

First, a **state/county/municipal/(political subdivision) employee/ contractor/[employee of a contractor of (the state)/(a county/municipality/(political subdivision of Oklahoma) ];**

Second, intentionally;

Third, **touched/felt/mauled;**

**Fourth, in a lewd and lascivious manner;**

~~Fourth~~ Fifth, the **body/(private parts);**

~~Fifth~~ Sixth, of ~~any~~ a person sixteen years of age or older;

~~Sixth~~ Seventh, who was under the legal custody, supervision or authority of ~~a~~ the **(state agency)/county/municipality/(political subdivision)** of Oklahoma;

**OR**

First, the defendant was eighteen years of age or older;

Second, the defendant was an employee of the victim's school system;

Third, and intentionally;

Fourth, **touched/felt/mauled;**

Fifth, in a lewd and lascivious manner.

Sixth, the **body/(private parts);**

Seventh, of a person at least sixteen years of age and less than twenty years of age;

Eighth, who was a **student /(person under the legal custody/supervision) of a public/private (elementary/secondary/(technology center) school;**

The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

[An "employee of the victim's school system" means a teacher, principal or other duly appointed person employed by a school system or an employee of a firm contracting with a school system who exercises authority over the victim.]

Statutory Authority: 21 O.S. ~~Supp.2000~~ 2011, § 1123(B).

## Committee Comments

The definition of "lewd" and "lascivious" is taken from *Reeves v. State*, 1991 OK CR 101, ¶ 44–47, 818 P.2d 495, 504.

## OUJI–CR 4–139

## RAPE AND SEX CRIMES— DEFINITIONS

Child Pornography—Any film/(motion picture)/videotape/photograph/ negative/(undeveloped film)/slide/(photographic product)/(reproduction of a photographic product)/CD-ROM/(magnetic disk/tape memory)/ (electronic/ photo-optical format) /play/ performance in which a child under the age of 18 years (is engaged with any person, other than his/her spouse in)/observes any (act of sexual intercourse, which is normal or perverted)/(act of anal sodomy)/(act of sexual activity with an animal)/(act of sadomasochistic abuse, including flagellation/torture/[the condition of being fettered/bound/ (physically restrained) in the context of sexual conduct] )/(act of fellatio/cunnilingus)/(act of excretion in the context of sexual conduct)/(lewd exhibition of the uncovered genitals [in the context of masturbation/(sexual conduct) ] )/(lewd exhibition of the (uncovered genitals)/buttocks/(the breast of a female minor) [where the lewd exhibition has the purpose of sexual stimulation of the viewer]) ; .

Inanimate Object—Not having the qualities associated with active, living organisms.

Genitals or Genitalia—The external sex organs.

Harmful to minors—That quality of any description/exhibition/presentation/ representation, in whatever form, of nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) when the material/performance, taken as a whole, has the following characteristics:

(1) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance has a predominant tendency to appeal to a prurient interest in sex to minors, and

(2) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance depicts/describes nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and

(3) the material/performance lacks serious literary, scientific, medical, artistic, or political value for minors,

### OR

Any description/exhibition/presentation/representation, in whatever form, of inappropriate violence.

Reference: 21 O.S.2011, § 1040.75.

Knowing or Knowingly—Being aware of the existence of facts that cause the act to be criminal in nature. A person need not be aware of the applicable law to do an act "knowingly," but only need to be aware of the applicable facts.

Lascivious—Characterized by or expressing lust or lewdness.

Lewd—Obscene, lustful, indecent, lascivious, lecherous.

Reference: 21 O.S. ~~Supp.2000~~ 2011, § 1030(6).

Obscene Material—Any representation, performance, depiction or description of sexual conduct in any form or medium including still/undeveloped photographs)/(motion pictures)/(undeveloped film)/videotape/CD-ROM/ (magnetic disk/

tape memory)/(purely photographic product)/(reproduction of a photographic product in any book/pamphlet/magazine/publication):

First, in which there are **depictions/descriptions** of sexual conduct which are patently offensive as found by the average person applying contemporary community standards;

Second, which, taken as a whole, has as the dominant theme an appeal to prurient interest, as found by the average person applying contemporary community standards; and

Third, which a reasonable person would find that the material/ performance when taken as a whole lacks serious literary, artistic, educational, political, or scientific purposes or value.

Reference: 21 O.S. ~~Supp.2000~~ 2011, § 1024.1.

**Performance**—**Any display, live or recorded, in any form or medium.**

Reference: 21 O.S. ~~Supp.2000~~ 2011, § 1024.1.

**Private Parts**—**The genitals or sex organs.**

**Sexual Conduct**—**Acts of sexual intercourse including any intercourse which is normal or perverted, actual or simulated.**

OR

Acts of deviate sexual conduct, including oral and anal sodomy.

OR

Acts of masturbation.

OR

Acts of sadomasochistic abuse including but not limited to: (1) **flagellation/torture by/upon** any person who is **nude/[clad in undergarments/(costume which is of a revealing nature) ]**, or (2) the condition of being **fettered/ bound/(physically restrained)** on the part of one who is **nude/ [clad in undergarments/(costume which is of a revealing nature) ].**

OR

Acts of excretion in a sexual context.

OR

Acts of exhibiting human genitals or pubic areas.

**[Sexual conduct includes acts performed alone/(between members of the same/opposite sex)/(between humans and animals) in an act of apparent sexual stimulation/gratification.]**

Reference: 21 O.S. ~~Supp.2000~~ 2011, § 1024.1.

## OUJI–CR 4–146

### ROBBERY—DEFINITIONS

Carrying Away—Removing an article for the slightest distance. Carrying away is more than a mere change of position; it is a movement for purposes of permanent relocation.

References: *Cunningham v. District Ct. of Tulsa Co.*, 1967 OK CR 183, 432 P.2d 992; *Brinkley v. State*, 1936 OK CR 117, 61 P.2d 1023, 60 Okl. Cr. 106.

Dangerous Weapon—Any instrument likely to produce death or great bodily injury in the manner it is in fact used or attempted to be used.

References: *Swaim v. State*, 1977 OK CR 295, 569 P.2d 1009; *Hay v. State*, 1968 OK CR 209, 447 P.2d 447.

Fear (Second–Degree Robbery) (Select Applicable definition)—

A. **[Fear of unlawful injury, immediate or future, to the person of the one robbed.]**

B. **[Fear of unlawful injury, immediate or future, to the property of the person robbed.]**

C. **[Fear of unlawful injury, immediate or future, to the person or property of any relative or family member of the person robbed.]**

D. **[Fear of immediate unlawful injury to the person or property of anyone in the company of the person robbed.]**

Fear used only as a means of escape is not sufficient to establish robbery.

Reference: 21 O.S. ~~1991~~ 2011, § 794.

Firearm—Weapon from which a shot or projectile is discharged by force of a chemical explosive such as gunpowder. An airgun, such as a carbon dioxide gas-powered air pistol, is not a firearm within the meaning of this definition.

Note: Archery equipment, flare guns, underwater fishing guns, blank pistols are not firearm(s).

References: 21 O.S. ~~2001 & Supp.2010~~ 2011, §§ 1289.3 et seq.; Black's Law Dictionary 570 (5th ed.1979); *Thompson v. State*, 1971 OK CR 328, ¶ 8, 488 P.2d 944, 947 (*overruled on other grounds, Dolph v. State*, 1974 OK CR 46, ¶ 10, 520 P.2d 378, 380–81).

Force—Force, of any degree, used to obtain or to retain possession of property or to prevent or to overcome resistance to its taking. Force used only as a means of escape is not sufficient to establish robbery.

References: *Cannon v. State*, 71 Okl. Cr. 42, 107 P.2d 809 (1940); 21 O.S. ~~2001~~ 2011, §§ 792, 793.

Personal Property—Money, goods, chattels, effects, evidences of rights in action, and written instruments effecting a monetary obligation or right or title to property.

Reference: 21 O.S. ~~2001~~ 2011, § 103.

Serious Bodily Injury (First Degree Robbery)—A bodily injury that is grave and not trivial which ~~gives rise to~~ involves (select applicable factors): a substantial risk of death; unconsciousness; extreme physical pain; protracted and obvious disfigurement; ~~or~~ protracted loss or impairment of the function of a bodily member, organ, or mental faculty, a bone fracture, injury to an internal or external organ of the body, sexual abuse or exploitation, chronic abuse, or torture. [If applicable, add the following: Bruising, swelling, and even a few stitches are not alone sufficient for a serious bodily injury].

~~Reference~~ References: *Harney v. State*, 2011 OK CR 10, ¶ 12, n. 3, 256 P.3d 1002, 1005 n. 3; *Owens v. State*, 2010 OK CR 1,

229 P.3d 1261; 21 O.S. ~~2001~~ 2011, § 797; 10A O.S. ~~Supp.2010~~ 2011, § 1–1–105(31); 27A O.S. ~~2001~~ 2011, § 2–6–202.

Committee Comment

~~The Committee has reviewed the decision in *Owens v. State*, (2010 OK CR 1, 229 p.3d 1261, and determined that the examples of serious bodily injury must be germane to the act of robbery or the taking of property and so not all of the examples in 10A O.S. Supp.2010 § 1-1-105(31); and 27A O.S.2001, § 2-6-202. have been incorporated into the definition.~~ In *Harney v. State*, 2011 OK CR 10, ¶ 12, n. 3, 256 P.3d 1002, 1005 n. 3, the Oklahoma Court of Criminal Appeals stated that the definition of "serious bodily injury" should include all the applicable examples that are set out in 10A O.S.2011, § 1–1–105(31) and 27A O.S. 2011, § 2–6–202.

Wrongful—Without legal authority.

References: *Traxler v. State*, 1952 OK CR 162, 251 P.2d 815, 96 Okl. Cr. 231; Black's Law Dictionary 1446 (5th ed.1979).

**OUJI–CR 5–2**

**ARSON IN THE FIRST DEGREE— ELEMENTS**

No person may be convicted of arson in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a willful and malicious;

[**Second,** (setting fire to)/burning/(destroying in whole or in part by use of any (explosive device)/accelerant/(ignition device)/(heat-producing device/substance)/ (while manufacturing/(attempting to manufacture) [specify controlled dangerous substance listed in 63 O.S.2011, § 2–322]] );

**Third,** (a building/structure)/(the contents of a building/structure);

**Fourth,** which was inhabited/occupied by one or more persons;

**Fifth,** caused/aided/counseled/procured by the defendant].

**OR**

[Second, (setting fire to)/burning by use of any (explosive device)/accelerant/(ignition device)/(heat-producing device/substance) (causing another person to be burned)/(aiding/counseling/procuring the burning of another person);

Third, a person by (setting fire to)/(burning by the use of any (explosive device)/accelerant/ (ignition device)/(heat-producing device/substance))/ (while manufacturing/(attempting to manufacture) [specify controlled dangerous substance listed in 63 O.S.2011, § 2–322]] ; ].

Fourth(, caused/aided/counseled/procured by the defendant].

Statutory Authority: 21 O.S.2011, § 1401.

Committee Comments

The Committee interprets the statute strictly to require "willfully and maliciously" to apply to all the elements in the statute, including "while manufacturing or attempting to manufacture a controlled dangerous substance in violation of subsection G of Section 2–401 of Title 63 of the Oklahoma Statutes." *See State v. Davis*, 2011 OK CR 22, ¶ 5, 260 P.3d 194, 195 ("This Court is committed to the rule of strict construction in the application of criminal statutes."); *Durant v. State*, 2008 OK CR 17, ¶ 8, 188 P.3d 192, 194 ("The purpose of strict construction is not to reward those who commit acts which should be punishable. Rather, it is to ensure that when liberty is at stake, all citizens have fair and clear warning of what conduct is prohibited, and, equally important, the severity of punishment for any infraction.").

OUJI–CR 5–4

ARSON IN THE SECOND DEGREE— ELEMENTS

No person may be convicted of arson in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a willful and malicious;

Second, setting fire to)/burning/(destroying in whole or in part by use of any explosive device/substance)/ (destroying in whole or in part while manufacturing/(attempting to manufacture) [specify controlled dangerous substance listed in 63 O.S.2011, § 2–322]);

Third, a building/structure)/(the contents of a building/structure);

Fourth, which was uninhabited/unoccupied;

Fifth, caused/aided/counseled/procured by the defendant.

Statutory Authority: 21 O.S.2011, § 1402.

Committee Comments

See Committee Comments to OUJI–CR 5–2, *supra*.

OUJI–CR 5–105A

[GRAND] LARCENY OF LOST PROPERTY—ELEMENTS

No person may be convicted of [grand] larceny of lost property unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, finding lost property;

[Second, valued at more than $500];

Third, under circumstances that the person knew or was able to determine who was the true owner;

Fourth, and taking the property for the person's own use)/(use of another person who was not entitled to the property);

Fifth, without first making such an effort to find the owner and return the property to the owner as would be reasonable and just under the circumstances.

Statutory Authority: 21 O.S.2011, §§ 1702, 1704.

Notes on Use

If the lost property was valued at $500 or less, the second element should be deleted, and the remaining elements renumbered. If the second element was

deleted, the crime would be petit larceny of lost property.

## OUJI–CR 6–17

## DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE, ETC.— INTRODUCTION

The defendant is charged with

[driving a motor vehicle (while under the influence of (alcohol/(an intoxicating substance)/(with a blood/breath alcohol concentration of .08 or more) ]

[being in actual physical control of a motor vehicle while under the influence of alcohol/(an intoxicating substance) ]

[ (being involved in)/causing an accident while under the influence of alcohol/(an intoxicating substance) ]

[driving a motor vehicle with impaired ability]

[being in actual physical control of a motor vehicle while under the influence of alcohol/(an intoxicating substance) ]

[leaving the scene of an accident with (personal injury)/death]

[failure to submit to drug and alcohol testing after an accident involving immediate death]

[driving under suspension/revocation]

upon [**Description of Road, Highway, etc.**] on [**Date**] in [**Name of County**] County, Oklahoma.

### Notes on Use

This instruction is to be used for a number of crimes in Title 47 involving the use of a motor vehicle, including driving under the influence and being in actual physical control of a motor vehicle.

### Committee Comments

The Court of Criminal Appeals has pointed out that section 11–902(A) creates two separate and distinct offenses: driving under the influence, which involves motion; and physical control of a motor vehicle while under the influence of intoxicating alcohol, which does not require proof of motion. *Crane v. State,* 1969 OK CR 267,

461 P.2d 986 (Okl.Cr.1969); *Parker v. State,* 1967 OK CR 7, 424 P.2d 997 (Okl.Cr.1967).

## OUJI–CR 6–18

## DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL)/WITH ALCOHOL CONCENTRATION OF .08 OR MORE)—ELEMENTS

No person may be convicted of driving a motor vehicle **(while under the influence of alcohol)/(with a blood/breath alcohol concentration of .08 or more)** unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, driving;

Second, (with a blood/breath alcohol concentration of 0.08 or more)/(while under the influence of alcohol);

Third, a motor vehicle;

Fourth, on a (public road/street /highway/turnpike/ street/place / (public parking lot) / (private road/street/alley/lane which provides access to one or more single or multi-family dwellings);

[Fifth, the blood/breath alcohol test was administered on a sample taken from the defendant (within 2 hours after arrest)/(as soon as practical after the fatality/injury accident).]

---

Statutory Authority: 47 O.S. 2001 & Supp. 2004 2011, §§ 11–101, 11–902, 10–104(B).

### Notes on Use

The Fifth Element should be read only for prosecutions under 47 O.S. Supp.2003 2011, § 11–902(A)(1). Read literally, section 11–902(A)(1) would make it a crime for a person to have a blood or breath alcohol concentration of .08 or more at the time of a test administered within two hours after a person's arrest, even if the arrest occurred long after the person had ceased driving and there was evidence that the person had consumed additional alcohol between the driving and the time of the test. To avoid such a result, the Committee has drafted the instruction to require a nexus between the driving and the exces-

sive blood or breath alcohol concentration. In *Sanders v. State,* 2002 OK CR 42, ¶ 15, 60 P.3d 1048, 1050, the Oklahoma Court of Criminal Appeals held that section 11–902(A)(1) applied in a situation where a defendant is arrested at an accident scene or soon after an accident, but not where the arrest occurs long after the accident.

Driving under the influence of alcohol must be defined if the prosecution is under 47 O.S. ~~Supp.2004~~ 2011, § 11–902(A)(2). *Bernhardt v. State,* 1986 OK CR 76, ¶ 4, 719 P.2d 832, 833. For the definition of "under the influence," see OUJI–CR 6–35, *infra.* The *Bernhardt* case also held that driving while impaired is a lesser included offense for driving under the influence of alcohol. 1986 OK CR 76, ¶ 3, 719 P.2d at 833.

The instruction on sentencing (see OUJI–CR 10–13, infra) should include the sentencing options for alcohol treatment and community services that are provided for in 47 O.S. ~~Supp.2003~~ 2011, § 11–902(A)(1). *See Hicks v. State,* 2003 OK CR 10, ¶ 4, 70 P.3d 882, 883.

## OUJI–CR 6–19

### DRIVING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF AN INTOXICATING SUBSTANCE—ELEMENTS

No person may be convicted of driving a motor vehicle while under the influence of an intoxicating substance unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, driving;

Second, a motor vehicle;

Third, on a **(public road/street /highway/turnpike/ street/place** / ~~(public parking lot)~~ / **(private road/street/alley/lane which provides access to one or more single or multi-family dwellings);**

Fourth, while under the **influence of any intoxicating substance other than alcohol)/(combined influence of alcohol and any other intoxicating substance)** which

may render a person incapable of safely driving a motor vehicle.

## OUJI–CR 6–20

### BEING IN ACTUAL PHYSICAL CONTROL OF A MOTOR VEHICLE WHILE UNDER THE [COMBINED] INFLUENCE OF ALCOHOL/(AN INTOXICATING SUBSTANCE)—ELEMENTS

No person may be convicted of being in actual physical control of a motor vehicle while under the influence of **alcohol/(an intoxicating substance)** unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, being in actual physical control of a motor vehicle;

Second, on a **(public road/street /highway/turnpike/ street/place** / ~~(public parking lot)~~ / **(private road/street/alley/lane which provides access to one or more single or multi-family dwellings);**

Third, **(while having a blood/breath alcohol concentration of 0.08 or more)/ (while under the influence of alcohol)/(while under the [influence of any intoxicating substance other than alcohol]/[combined influence of alcohol and any other intoxicating substance] which may render a person incapable of safely driving a motor vehicle);**

[Fourth, the blood/breath alcohol test was administered within 2 hours after arrest).]

Statutory Authority: 47 O.S. ~~2001~~ 2011, § 11–902. See also 47 O.S. ~~2001,~~ § 11–101.

### Notes on Use

The Fourth Element should be read only for prosecutions under 47 O.S. ~~2001,~~ § 11–902(A)(1).

### Committee Comments

Although section 11–902(A) uses the language "drive, operate," the Court of Criminal Appeals has indicated that "drive" and "operate" are synonymous. *Bearden v.*

State, 1967 OK CR 133, 430 P.2d 844 (Okl. Cr.1967); Parker v. State, 1967 OK CR 7, 424 P.2d 997 (Okl.Cr.1967).

It should be emphasized again, however, that the words "actual physical control" are not synonymous with "drive." The Court of Criminal Appeals has stated that, by adding the words "actual physical control," the Legislature intended to apply the law to persons who control a vehicle but who may not have put the vehicle into motion. A Montana case, State v. Ruona, 133 Mont. 243, 321 P.2d 615 (1958), involving an identical statute is cited as illustration. In Ruona, the defendant was found intoxicated behind the wheel of a vehicle with the motor running, but no evidence could be adduced that the defendant had driven the vehicle. The Oklahoma court indicated that the defendant could not have been convicted of driving while under the influence but could be convicted of being in actual physical control while under the influence. See also Wofford v. State, 1987 OK CR 148, 739 P.2d 543 (Okl.Cr.1987) (defendant was sleeping in driver's seat); Kyle v. State, 1986 OK CR 117, ¶ 7, 722 P.2d 1218, 1219 (Okl.Cr.1986) (evidence that defendant exited vehicle on the driver's side was sufficient for inference of actual physical control); Mason v. State, 1979 OK CR 132, ¶ 6, 603 P.2d 1146, 1147 (Okl.Cr.1979) (defendant was unconscious behind the steering wheel of a vehicle with its engine running); Hughes v. State, 1975 OK CR 83, 535 P.2d 1023 (Okl.Cr.1975) (defendant was unconscious behind steering wheel); Cudjoe v. State, 1974 OK CR 75, 521 P.2d 409 (Okl.Cr.1974) (defendant was asleep behind wheel); Crane v. State, 1969 OK CR 267, 461 P.2d 986 (Okl.Cr. 1969); Parker v. State, 1967 OK CR 7, 424 P.2d 997 (Okl.Cr.1967).

The third element requires that the motor vehicle be driven on a highway or on a public parking lot. State v. Haws, 869 P.2d 849, 851-52 (Okl.Cr.1994). For a definition of a public parking lot, see OUJI-CR 6-35, infra.

## OUJI–CR 6–21

### BEING INVOLVED IN ACCIDENT WHILE UNDER THE INFLUENCE OF ALCOHOL/(AN INTOXICATING SUBSTANCE)—ELEMENTS

No person may be convicted of being involved in an accident while under the influence of **alcohol/(an intoxicating substance)** unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, being involved in a personal injury accident;

Second, while driving a motor vehicle;

Third, on a **(public road/street** /highway/turnpike/ **street/place** / (public parking lot) / **(private road/street/alley/lane which provides access to one or more single or multi-family dwellings)**;

Fourth, **while having a blood/breath alcohol concentration of 0.08 or more)/ (while under the influence of alcohol)/(while under the [influence of any intoxicating substance other than alcohol]/[combined influence of alcohol and any other intoxicating substance] which may render a person incapable of safely driving a motor vehicle)**;

[**Fifth, the blood/breath alcohol test was administered within 2 hours after arrest).**]

---

Statutory Authority: 47 O.S. 2001 2011, § 11–904(A).

#### Notes on Use

The Fifth Element should be read only for prosecutions based on having a blood/breath alcohol concentration of 0.08 or more.

### OUJI–CR 6–22

### CAUSING ACCIDENT WHILE UNDER THE INFLUENCE OF ALCOHOL/(AN INTOXICATING SUBSTANCE)—ELEMENTS

No person may be convicted of causing an accident while under the influence of **alcohol/(an intoxicating substance)** unless the State has proved beyond a reasonable doubt

each element of the crime. These elements are:

First, causing an accident;

Second, resulting in great bodily injury to another person;

Third, while driving a motor vehicle;

Fourth, on a (**public road/street /high-way/turnpike/ street/place** / (public parking lot) / (**private road/street/alley/lane which provides access to one or more single or multi-family dwellings**);

Fifth, **while having a blood/breath alcohol concentration of 0.08 or more)/ (while under the influence of alcohol)/(while under the [influence of any intoxicating substance other than alcohol]/[combined influence of alcohol and any other intoxicating substance] which may render a person incapable of safely driving a motor vehicle);**

[**Sixth, the blood/breath alcohol test was administered within 2 hours after arrest).**]

Statutory Authority: 47 O.S. ~~2001~~ 2011, § 11–904(B).

### Notes on Use

For the definition of great bodily injury, see OUJI–CR 6–35, *infra.* The Sixth Element should be read only for prosecutions based on having a blood/breath alcohol concentration of 0.08 or more.

### OUJI–CR 6–53

### ESCAPE FROM PENAL INSTITUTION— ELEMENTS

No person may be convicted of escape from a penal institution unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, escape from a (juvenile detention facility) /(**county/city** jail);

Second, by a (**prisoner in a county/city** jail)/ (person detained in a juvenile detention facility);

Third, **awaiting charges for a felony offense)/(awaiting trial)/(having been sentenced on a felony charge to the Department of Corrections)/(having been lawfully detained);**

Fourth, while **he/she is actually confined there)/(permitted to be at large as a trusty)/(awaiting transportation to a Department of Corrections facility to serve his/her sentence).**

### OR

First, escape from the custody of the Department of Corrections;

Second, by an inmate in its custody;

Third, while **actually confined in a correctional facility)/(assigned to a house arrest program)/(assigned to the Preparole Conditional Supervision Program)/(assigned to an alternative incarceration authorized by law)/(permitted to be at large as a trusty).**

[**An inmate assigned to house arrest)/(the Preparole Conditional Supervision Program)/(an alternative incarceration authorized by law) shall be considered to have escaped if the inmate cannot be located within a 24 hour period)/(the inmate fails to report to a confining facility/institution as directed).**]

[**Custody means either imprisonment by physical means or restraint by a superior force acting as a moral restraint.**]

[**Escape means a departure from custody, with or without force, whether from the custody of an officer or from any place where one is lawfully confined.**]

Statutory Authority: 21 O.S. ~~Supp.2006~~ 2011, § 443.

### Committee Comments

The first bracketed paragraph is taken from 21 O.S. ~~Supp.2006~~ 2011, § 443(C). The definitions in the last two paragraphs are based on *Urbauer v. State*, 1987 OK CR 231, ¶ 5, 744 P.2d 1274, 1275. *See also Hunt v. State*, 1990 OK CR 37, ¶¶ 6–9, 793 P.2d 1366, 1368 (affirming conviction of

prisoner who escaped while he was at liberty on a weekend pass).

## OUJI–CR 6–53A

### ESCAPE FROM JUVENILE DETENTION FACILITY— ELEMENTS

No person may be convicted of escape from a (juvenile detention)/(secure juvenile) facility unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a **juvenile/youthful** offender lawfully placed in a (**juvenile detention**)/(**secure juvenile**) facility;

Second, absented **himself/herself** without official permission from the facility;

Third, while actually confined in the facility.

### OR

First, a **juvenile/youthful** offender lawfully placed in a (**juvenile detention**)/(**secure juvenile**) facility;

Second, absented **himself/herself** without official permission while away from the facility;

Third, while escorted by a transportation officer.

### OR

First, a **juvenile/youthful** offender lawfully placed in a (**juvenile detention**)/(**secure juvenile**) facility;

Second, while permitted to be on an authorized **pass**/(**work program**); outside the facility;

[Third, **could not be located within a twenty-four-hour period**].

### OR

[Third, **failed to report to the facility at the specified time**].

### OR

[**Third, absconded (from an electronic monitoring device)/(after removing an electronic monitoring device from his/her body).**]

### OR

[**Third, failed to return from a pass issued by a facility/(secure placement).**]

Statutory Authority: 21 O.S.2011, § 443(E).

## OUJI–CR 6–56A

### REMOVAL OF ELECTRONIC MONITORING DEVICE— ELEMENTS

No person may be convicted of the removal of an electronic monitoring device unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, the person was charged with a **felony/misdemeanor**;

Second, the person was **admitted to bail**/(**released on recognizance/bond/undertaking for appearance before a magistrate/court**);

Third, the person was required to wear an electronic monitoring device on the person's body as a condition of **bail/release**; and

Fourth, the person removed the electronic monitoring device without authorization from the court.

Statutory Authority: 21 O.S.2011, § 444(D).

## OUJI–CR 8–15

### DEFENSE OF PERSON—JUSTIFIABLE USE OF DEADLY FORCE AGAINST INTRUDER

A person **A/An person/(owner/manager/employee of a business)** is justified in using force that is intended or likely to cause death or great bodily harm to another person who was **in the process of unlawfully and forcefully entering)/(unlawfully and forcibly entered)** a dwelling/residence/(occupied vehicle)/(place of business) if the person using the force knew or had reason to believe

that an unlawful and forcible entry **was occurring)/(had occurred).**

**OR**

~~A person~~ **A/An person/(owner/manager/employee of a business)** is justified in using force that is intended or likely to cause death or great bodily harm if the person against whom the force was used **had attempted to remove)/(was attempting to remove)** another person against the will of that other person from a **dwelling/residence/(occupied vehicle)/(place of business)** and the person using the force knew or had reason to believe that an unlawful and forcible **removal/(attempt to remove) (was occurring)/(had occurred).**

[A person is not justified in using force if:

The person against whom the force is used **has the right to be in)/(is a lawful resident of)** the **dwelling/residence/(occupied vehicle),** such as ~~an owner, lessee, or titleholder)~~ **a/an. owner/lessee/titleholder,** and there is not a **protective order from domestic violence in effect)/(a written pretrial supervision order of no contact)** against that person.

**OR**

The ~~person or persons~~ **person/persons** sought to be removed are **children/grandchildren/(in the lawful custody/(under the lawful guardianship)** of the person against whom the force is used.

**OR**

The person who uses force is **engaged in)/(using the dwelling/residence/(occupied vehicle/ (place of business)** (-) to further) an unlawful activity.]

["Dwelling" means a building or conveyance of any kind, including any attached porch, whether the building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it, including a tent, and is designed to be occupied by people.]

["Residence" means a dwelling in which a person resides either temporarily or permanently or is visiting as an invited guest.]

["Vehicle" means a conveyance of any kind, whether or not motorized, which is designed to transport people or property.]

---

Statutory Authority: 21 ~~O.S.Supp.2008~~ **O.S. 2011,** § 1289.25(B), (C), (F).

---

## Notes on Use

The ~~braketed~~ **bracketed** language should be given only where supported by the evidence at trial.

### OUJI–CR 8–58

### BURGLARY—DEFENSE OF CONSENT

A person who enters a dwelling with the consent or authorization of an owner or occupant of that dwelling does not commit a "breaking" and therefore cannot be convicted of burglary ~~in the first degree~~ **(in the first/second degree)/(with explosives).** Such consent or authorization to enter is adequate where it is given by one who has actual authority to give it or by one who reasonably appears to have such authority.

It is the burden of the State to prove beyond a reasonable doubt that the defendant did not enter with the consent or authorization of an owner or occupant or one who reasonably appeared to have such authority. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

## Notes on Use

This instruction should be given in a first or second degree burglary case or a burglary with explosives case where the evidence presented at trial sufficiently raises the issue of consent or authorization to enter.

## Committee Comment

*See Roberts v. State,* 2001 OK CR 14, ¶ 19, 29 P.3d 583, 589.

OUJI–CR 10–13C

## MANDATORY POST–IMPRISONMENT SUPERVISION

You are advised that [**if you recommend a sentence of imprisonment for two years or more,**] [**Name of Defendant**] shall be required to serve a term of post-imprisonment community supervision under conditions determined by the Department of Corrections, in addition to the actual imprisonment. ~~The~~ *Any* term of post-imprisonment community supervision shall be for at least three years, and ~~if you recommend a sentence of imprisonment for two years or more,~~ I will determine the actual term of post-imprisonment community supervision after your verdict. [*If the sentence is life or life without the possibility of parole, there will be no post-imprisonment community supervision.*]

Statutory Authority: 22 O.S. ~~Supp.2008~~ 2011, § 991a(A)(1)(f), ~~10 O.S.Supp.2008, § 7115,~~ 21 O.S. ~~2008~~ 2011, §§ 681, 741, 843.1, ~~843.5,~~ 867, 885, 886, 888, 891, 1021, 1021.2, 1021.3, 1040.13a, 1087, 1088, 1111.1, 1115 and 1123

### Notes on Use

This instruction must be given for the following offenses that are listed in 22 O.S. ~~Supp.2008~~ 2011, § 991a(A)(1)(f): ~~10 O.S.Supp.2008, § 7115,~~ 21 O.S. ~~2008~~ 2011, §§ 681, 741, 843.1 (for offenses involving sexual abuse or sexual exploitation) ~~and 21 O.S.Supp.2008, §§~~, 843.5 *(for offenses involving sexual abuse or sexual exploitation),* 867, 885, 886, 888, 891, 1021, 1021.2, 1021.3, 1040.13a, 1087, 1088, 1111.1, 1115 and 1123. The bracketed language in the first sentence should be deleted for the crime of kidnapping under 21 O.S.2011, § 741. *The last bracketed sentence should be given only if the punishment range includes life or life without parole.*